Johann Alexander PANESENKO,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 84–166.

Supreme Court of Wyoming.

Sept. 24, 1985.

Leonard D. Munker, State Public Defender; Martin J. McClain, Appellate Counsel; K. Leslie Delk, Asst. Public Defender; and James Carbone, Legal Intern, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen.; Gerald A. Stack, Deputy Atty. Gen.; John W. Renneisen, Sr. Asst. Atty. Gen.; and David K. Gruver, Legal Intern, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

THOMAS, Chief Justice.

The primary question which must be resolved in this case is whether the exclusionary rule should be applied in connection with a probation revocation proceeding. Included within the appellant's claim that it should are concerns about a warrantless seizure of the appellant's automobile, statements made by the appellant after the seizure of his automobile, and prejudice to the appellant arising out of the failure to exclude the illegally obtained evidence. There also is a question as to whether there was proof of guilt of another criminal offense in order to justify the revocation of probation. We conclude that the district court properly refused to apply the exclusionary rule, and that there was satisfactory proof of justification to revoke the appellant's probation. The judgment of the district court is affirmed.

In his brief the appellant raises the following issues:

"I.

"A. WHETHER POLICE OFFICER'S WARRANTLESS SEIZURE OF APPELLANT'S AUTOMOBILE WAS UNJUSTIFIED AND THEREFORE VIOLATIVE OF APPELLANT'S FOURTH AMENDMENT RIGHTS.

"B. WHETHER APPELLANT'S STATEMENTS TO POLICE OFFICERS CONCERNING OWNERSHIP OF THE CAR BATTERY MADE IN LIGHT OF THIS SEIZURE WERE 'FRUITS' OF THE ILLEGAL SEIZURE AND SHOULD THEREFORE BE EXCLUDED.

"C. WHETHER APPELLANT WAS PREJUDICED BY THE COURT'S FAILURE TO EXCLUDE THE ILLEGALLY OBTAINED EVIDENCE.

"II. WHETHER APPELLANT POSSESSED THE REQUISITE INTENT TO PERMANENTLY DEPRIVE THE OWNER OF THE CAR BATTERY AND IS THEREFORE GUILTY OF THE OFFENSE OF PETIT LARCENY UNDER W.S.1982, SECTION 6-3-402(a), (c)(iii)."

The state submits its own statement of the issues in its brief as follows:

"I. THE APPELLANT'S STATEMENTS WERE NOT THE FRUIT OF ANY ILLEGAL SEIZURE.

"II. THE EXCLUSIONARY RULE SHOULD NOT BE APPLIED TO PROBATION REVOCATION HEARINGS.

"III. THE STATE PROVED ALL ELEMENTS OF THE CRIME OF PETIT LARCENY UNDER SECTION 6-3-402(a)(c)(iii), W.S.1977 (June 1983 replacement)."

Panesenko pleaded guilty in 1982 to a charge of burglary in violation of § 6-3-301(a), W.S.1977, and he then was sentenced to a term of not less than three nor more than six years in the state penitentiary. The execution of his sentence was suspended and he was placed on probation for a period of six years. One of the specific conditions of his probation was that Panesenko "not violate any of the laws of the nation or any state or any municipality."

Some twenty-one months later Panesenko, who had been having trouble with his car, left it at the home of one Ackerly, a band leader with whom Panesenko had auditioned. When Ackerly returned several days later he discovered Panesenko and an acquaintance of his working on Panesenko's car. They succeeded in starting it and the car was driven away. Several days later Ackerly discovered that a battery which he had recently purchased for his truck was missing. Ackerly suspected that Panesenko had stolen the battery because he had information that Panesenko had been in trouble with the law in the past for stealing and he connected Panesenko's working on his car with the loss of the battery.

Ackerly then invited Panesenko to return to his home to play music. Panesenko arrived in his automobile and Ackerly arranged to have other band members occupy Panesenko while Ackerly checked the serial number on the invoice for the battery

which he had purchased against the serial number on the battery in Panesenko's car. The two serial numbers matched and Ackerly reported the theft of his battery to the sheriff's department. Following up on that report one of the officers in the sheriff's department began to look for Panesenko's car. It was discovered in a short time at a private residence, and the sheriff's officer impounded it and arranged for one of the residents at the place where it was discovered to drive the car down to the sheriff's office so that it would not have to be towed. Two days later Panesenko called the sheriff's office to ask if he could talk about his car. While he was still on the telephone making that call the officer who had impounded the car saw him in the telephone booth and took him to the sheriff's office for questioning.

The record discloses that Panesenko was not placed under arrest, but he was furnished advice with respect to his constitutional rights under the *Miranda* decision, and he waived those rights. When he was asked if he knew where his car was Panesenko responded that he did, and when he was asked if he had any idea why the car was at the sheriff's office, Panesenko said "Is it about my battery?"

At the probation revocation hearing Ackerly testified that he had not given Panesenko permission to take the battery. Panesenko testified that he had only borrowed it and that he did not intend to keep it. According to his testimony he planned to obtain a battery for himself and then return Ackerly's battery, but he had never had the opportunity to do so. He explained that he had been too embarassed on those occasions when he saw Ackerly to explain to him about the battery. Based upon the evidence submitted the district court found that Panesenko's actions constituted petit larceny; that petit larceny is a violation of the law; and that Panesenko had violated his probation. Upon making these findings the district court revoked Panesenko's probation and reimposed the original sentence.

In *Gronski v. State*, Wyo., 700 P.2d 777, 779 (1985) we stated:

"The great majority of courts which have ruled on this question have held that evidence obtained by illegal search and seizure is admissible in a probation revocation hearing even though it would be inadmissible in a criminal prosecution. See Annotation, Admissibility, in State Probation Revocation Proceedings, of Evidence Obtained through Illegal Search and Seizure, 77 A.L.R.3d 636, 641 (1977)."

We then held that the exclusionary rule should not be extended to probation revocation cases. Consequently, there occurred here no violation of any of Panesenko's rights with respect to his automobile or his interrogation which he is entitled to raise as prejudicial in a probation revocation proceeding. We do not decide the lawfulness of the seizure or the interrogation because in the context of a probation revocation proceeding it is immaterial whether the seizure or the interrogation occurred unlawfully.

Panesenko also argues that the failure of the state to prove beyond a reasonable doubt his intent to permanently deprive Ackerly of his battery prevented the trial court from finding his guilt of petit larceny beyond a reasonable doubt, and he contends that his probation should not have been revoked because of this error. Under well recognized principles the action of the trial court in revoking Panesenko's probation was proper even if there was a defect in establishing petit larceny beyond a reasonable doubt.

In order to revoke probation all that is required is the court's conscientious judgment after hearing the evidence to the effect that a violation of probation has occurred. *Longwell v. State*, Wyo. (705 P.2d 336, 1985); *Gronski v. State*, supra; *Minchew v. State*, Wyo., 685 P.2d 30 (1984). Revocation of probation is within the trial court's discretion and the exercise of that discretion will not be overturned on appeal except upon a clear showing of abuse of that discretion. *Longwell v. State*, supra;

*Gronski v. State,* supra; *Minchew v. State,* supra. Proof of a violation of a law of the nation, state or municipality is not required beyond a reasonable doubt, and consequently the finding of the trial court that Panesenko was guilty of petit larceny beyond a reasonable doubt is not a justification to overturn the exercise of the court's discretion. *Longwell v. State,* supra; *Gronski v. State,* supra; *Minchew v. State,* supra, citing *Ketcham v. State,* Wyo., 618 P.2d 1356 (1980). A court can revoke probation on the basis of criminal conduct even in the face of an acquittal of criminal charges based on the same conduct. *Minchew v. State,* supra, quoting *Ketcham v. State,* supra. The determination of whether the defendant has violated the terms of his probation is within the trial court's discretion. *Longwell v. State,* supra; *State v. Reisch,* Wyo., 491 P.2d 1254 (1971). As we noted in *Ketcham v. State,* supra, probation can be revoked based upon conduct which is not criminal.

It is not necessary to our decision to determine whether the state established beyond a reasonable doubt a violation by Panesenko of § 6–3–402(a), W.S.1977 which provides:

> "A person who steals, takes and carries, leads or drives away property of another with intent to deprive the owner or lawful possessor is guilty of larceny."

If it were necessary for us to do so we would have no difficulty in sustaining the finding of the district court the Panesenko had committed petit larceny beyond a reasonable doubt.

The abuse of discretion standard is controlling with respect to the revocation of probation. *Longwell v. State,* supra; *Gronski v. State,* supra; *Minchew v. State,* supra. Panesenko really does not argue that there occurred here an abuse of discretion in violation of the usual standard, and certainly the record will not justify a finding of any abuse of discretion.

The order of the district court revoking Panesenko's probation is affirmed.