**Denny TETON, Appellant (Plaintiff),**

v.

**Sherene W. TETON, Appellee (Defendant).**

No. 96–96.

Supreme Court of Wyoming.

March 19, 1997.

Vonde M. Smith, Robert W. Horn of Robert W. Horn, P.C., Jackson Hole, for Appellant.

Ted C. Frome, Afton, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

LEHMAN, Justice.

The trial court scheduled an Order to Show Cause hearing on the same day as a previously scheduled divorce trial. Appellant, Denny Teton (Husband), asserts he was deprived of due process because he was prepared only to respond to the Order to Show Cause, was without counsel, and was not prepared for the trial which proceeded as scheduled.

We affirm.

## ISSUE

Appellant phrases the issue as follows:

Where a party is provided specific notice of a "show cause" hearing, but not specific notice of a trial, is that party deprived of due process if the court subsequently litigates a divorce and custody proceeding at the show cause hearing, especially when the party is without representation[?]

## FACTS

Husband filed for divorce against appellee, Sherene W. Teton (Wife), on July 13, 1995 and, following Wife's answer, requested a setting for an uncontested divorce. The hearing was scheduled for October 16, 1995; but, because of conflicts of Wife's counsel, the hearing was continued. Upon notice of the continuance, Husband immediately changed attorneys.

Wife then filed a Motion for Trial Setting, and a hearing was scheduled by the court. The Notice of Setting stated that the hearing would occur on January 23, 1996, and was sent to the parties' attorneys on December 11, 1995. Six days later, Husband notified his second attorney that he had decided to file for the divorce in the Shoshone–Bannock Tribal Court and that he no longer needed his services. On January 3, 1996, Husband's second attorney was allowed to withdraw.

When Wife learned of Husband's decision to change courts, she filed a Motion for Injunction. In her motion, she requested that the court enjoin Husband from proceeding in the tribal court, having subjected himself to the state court's jurisdiction, and she further requested that the trial proceed as scheduled. The court scheduled a hearing on the Motion for Injunction naming the same date and hour previously scheduled for the trial, January 23, 1996, at 9:30 a.m. The court's order was personally served on Husband on January 9, 1996.

The record is unclear when it was presented to the court, but within four days of the scheduled trial and hearing, Husband signed

a Motion for Continuance of Hearing. In that motion, Husband asserted he was without counsel and unavailable to attend the hearing. However, Husband did in fact appear at the appointed hour. The court established that jurisdiction was proper, denied the untimely motion for continuance and proceeded to trial on the issues of divorce. Husband now appeals from the Judgment and Decree of Divorce, claiming lack of notice and a meaningful opportunity to be heard.

### *DISCUSSION*

 It is well established that the right to due process, established by the Fourteenth Amendment to the Constitution of the United States and Article 1 § 6 of the Constitution of the State of Wyoming, extends to and is required in divorce actions. *Loghry v. Loghry,* 920 P.2d 664, 667 (Wyo.1996). Due process includes notice and a meaningful opportunity to be heard. *Id.*

 Husband does not dispute that notice was provided, rather he asserts that the notice he received was defective. Husband claims the second notice received from the court in response to Wife's Motion for Injunction advised him that he was required to appear and "show cause" why an order should not be made temporarily enjoining him from proceeding with a hearing for divorce in the tribal court. He claims that the notice conveyed the distinct impression that the court would conduct a hearing to determine which court was appropriate, not a trial on the merits. The record does not support Husband's claims.

Rule 5(b), W.R.C.P., allows for service to be made upon a party's attorney unless otherwise ordered by the court. Within three days after it was filed, and in direct response to Wife's Motion for Trial Setting, the court served the Notice of Setting on Husband's attorney in compliance with the rule. Husband was again reminded of the trial setting by Wife's Affidavit in Support of Motion for Injunction in which she stated:

> 7. That this matter has been set for trial on January 23, 1996 at 9:30 A.M. before this Court setting at Kemmerer, Wyoming.

My attorney and I are ready to proceed to trial at that time and place.

Husband then received by personal service not only Wife's motion and affidavit but the court's order setting the motion for hearing at the same time as the previously scheduled divorce hearing. Neither party requested that the court change its previous order, nor did the court indicate it had changed the time of the trial. Husband was, therefore, provided proper notice.

 Husband further asserts that the court erred in not granting his continuance so he could retain yet a third attorney. The decision to grant or deny a motion for continuance is committed to the sound discretion of the trial court. *Jones v. Jones,* 903 P.2d 545, 547 (Wyo.1995). Husband's motion for continuance was signed four days before trial but not filed until two days after trial. The record provides no explanation for the time lapse, however the record is clear that the court considered the motion, despite the fact that it was not filed, and equally clear that the motion was untimely. *Accord, Jones,* at 547. In sum, the court knew: 1) Husband chose to initiate the divorce action in the state district court, not tribal court, nearly six months earlier; 2) notice setting the trial was properly served on Husband's attorney six weeks prior to trial; 3) Husband retained, and subsequently dismissed, two different attorneys to represent him in the divorce, both of whom were conversant in the case; and 4) Husband dismissed his second attorney three weeks before trial, stating he wanted to proceed in tribal court. Although Husband was notified two weeks before trial that he was temporarily enjoined from proceeding in tribal court, he chose not to retain substitute counsel for the January 23 hearing. Under the circumstances, we conclude the trial court did not abuse its discretion by denying Husband's last-minute motion to continue.

Finally, we conclude Husband had a meaningful opportunity to be heard. We have already determined that he had notice of the matters to be considered. The court allowed Husband to represent himself and diligently advised him of his rights throughout the

trial. Husband was permitted to present evidence, to confront and cross-examine all witnesses and to rebut all evidence presented. Although Husband may not have handled the proceedings as skillfully as would have an attorney, we find nothing in the record to indicate that Husband was denied the opportunity to fully present his case.

Affirmed.