Jerry L. CARROLL, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 96–223.

Supreme Court of Wyoming.

May 14, 1997

Daniel G. Blythe, of Blythe & Steiner–Lewis, Cheyenne, for Appellant.

William U. Hill, Attorney General; Paul Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Barbara L. Boyer, Senior Assistant Attorney General, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN, and LEHMAN, JJ.

THOMAS, Justice.

The only issue in this case is whether probable cause existed for law enforcement officers to arrest Jerry Wayne Carroll (Carroll). Carroll moved for suppression of cocaine seized when the officers conducted a search of his person and his vehicle at the time of his arrest. Prior to the arrest, on two occasions the law enforcement officers had observed Carroll visit a residence where an informant made controlled buys of cocaine. Prior to the second instance, the in-

formant was in the house and using a radio transmitter provided by the law enforcement officers which permitted them to hear a conversation relating that "Jerry" was coming over and one of the participants was holding an ounce for him. Carroll arrived within minutes, stayed for a short time, and after he left, he was arrested. The trial court ruled the officers had probable cause to arrest Carroll and the cocaine was lawfully seized following a search incidental to a lawful arrest. We agree with the decision of the trial court that the cocaine was lawfully seized and available as evidence. The Judgment and Sentence is affirmed.

In the Brief of Appellant, filed on behalf of Carroll, the single issue is stated as:

I. The cocaine, cocaine "vial" and paraphernalia which were introduced at trial were obtained as a result of an illegal search and seizure of evidence from the appellant's car, which search and seizure was made without probable cause and after an illegal arrest.

In the Brief of Appellee, filed by the State, the issue is stated in this way:

I. Did the District Court properly deny Appellant's motion to suppress the evidence seized incident to arrest?

Carroll was subjected to a warrantless arrest in the vicinity of Torrington on November 27, 1995. He was searched, and a small vial of cocaine was found on his person. His vehicle was searched, and the arresting officers found almost an ounce of cocaine within the rubber housing around the handle for the hand brake. Carroll was charged with felony possession of cocaine in violation of Wyo. Stat. § 35–7–1031(c)(ii) (Supp.1995). He filed a Motion for an Order Suppressing Evidence Resulting From an Illegal Search. Following an evidentiary hearing, the district court denied Carroll's motion, and he was found guilty by a jury of the charged offense. The district court then entered its Judgment and Sentence, pursuant to which Carroll was sentenced to the state penitentiary for not less than two and a half (2½) years and not more than four and a half (4½) years. Carroll appeals from the Judgment and Sentence.

After the hearing on Carroll's motion to suppress the cocaine that was seized as evidence, the district court found these facts, articulated in a decision letter:

On November 13, 1995, a confidential informant purchased cocaine at a residence located at 414 2nd Ave., Torrington, Wyoming. The residence was under surveillance by law enforcement because of the purchase. Shortly before the purchase by the confidential informant, the Defendant was seen driving to the same residence in a white Toyota automobile. The Defendant entered the residence and stayed a short time, then left the residence and drove away.

The same confidential informant made arrangements to purchase more cocaine at that same residence on November 27, 1995. While in the residence to purchase the cocaine, the informant heard the owner of the residence state that someone named Jerry was coming over and that the owner was holding an ounce for Jerry. This conversation occurred at the time the informant was purchasing ½ of an ounce of cocaine.

Twelve minutes after the informant left the residence, the Defendant arrived. He went into the residence and stayed for 16 minutes. He then left the residence and drove away in the same vehicle as he used on November 13. During the 16 minutes that the Defendant was in the residence the informant met with law enforcement officials who tested and confirmed that the substance which the informant purchased was cocaine.

Law enforcement personnel involved were aware that the Defendant's name was Jerry, and that the Defendant had previously been convicted of a controlled substance offense.

Law enforcement then determined to arrest the Defendant, believing he was in possession of cocaine. The Defendant initially failed to stop for the officers' flashing lights, and continued to drive away. The officers passed the Defendant, driving in the lane next to him. From there the officers observed the Defendant moving up and down, and reaching to his immediate

right, as if attempting to conceal or dispose of something.

The Defendant finally stopped for the officers. His vehicle was searched and an ounce of cocaine was found inside the rubber housing around the hand brake located to the right of the driver's seat. The Defendant was searched and a small vial containing cocaine and other evidence was found.

In addition to the evidence supporting the recitation of the facts by the district court, the judge had before him testimony that the officers had overheard the remarks reported by the informant because they were broadcast from a transmitter the informant was using while in the house. The district court, relying on *Simmons v. State*, 712 P.2d 887, 889 (Wyo.1986), ruled that the knowledge possessed by the law enforcement officers at the time they began to pursue Carroll "would warrant a prudent man in believing that * * * *[Carroll] was possessing an ounce of cocaine."

■ The facts, as found by the trial court, in ruling upon the motion to suppress are binding upon this court unless they are clearly erroneous. *Southworth v. State*, 913 P.2d 444, 447 (Wyo.1996); *Hall v. State*, 911 P.2d 1364, 1367 (Wyo.1996); *Gronski v. State*, 910 P.2d 561, 563 (Wyo.1996); *Roose v. State*, 759 P.2d 478, 487 (Wyo.1988); *Neilson v. State*, 599 P.2d 1326, 1330 (Wyo.1979); and other cases cited in these cases. Further, our standard of review with respect to a decision of the district court on a motion to suppress is abuse of discretion, which has been said to constitute an error of law committed by the district court under the circumstances. *Hall v. State*, 911 P.2d at 1367; *Morris v. State*, 908 P.2d 931, 934 (Wyo. 1995); *Wilson v. State*, 874 P.2d 215, 218 (Wyo.1994); *Davis v. State*, 859 P.2d 89, 93 (Wyo.1993). The evidence is to be viewed in the light most favorable to the determination made by the district court. *Hall v. State*, 911 P.2d at 1367; *Morris v. State*, 908 P.2d at 934; *Wilson v. State*, 874 P.2d at 218; *Guerra v. State*, 897 P.2d 447, 452 (Wyo. 1995); *Bravo v. State*, 897 P.2d 1303, 1305 (Wyo.1995).

In assessing whether the trial court committed an error of law under the circumstances, we focus upon the question of whether the law enforcement officers had probable cause to make a warrantless arrest of Carroll. Carroll vigorously argues that probable cause did not exist, and for that reason his motion to suppress evidence was erroneously denied.

■ We have said on a number of occasions that the issue of law, that is the constitutionality or reasonableness of the search or seizure, is to be reviewed *de novo*. *Southworth v. State*, 913 P.2d at 447; *Gronski v. State*, 910 P.2d at 563; *Guerra v. State*, 897 P.2d at 452; *Morris v. State*, 908 P.2d at 934; *Wilson v. State*, 874 P.2d at 218. The focus of the *de novo* review of the issue of constitutionality is to determine whether the trial court did commit an error of law under the circumstances. In making this determination, the court is not limited to the testimony received on the pretrial motion to suppress, but it can consider pertinent testimony offered at the trial. *Roose v. State*, 759 P.2d at 487; *Neilson v. State*, 599 P.2d at 1330. In this regard, we find in the record, outside the hearing on the motion to suppress, much additional detail with respect to the circumstances surrounding Carroll's arrest, none of which is inconsistent with the information before the trial court at the time it heard the motion to suppress, and all of which supports a conclusion that the law enforcement officers had probable cause to arrest Carroll.

■ By statute, Wyoming has provided that a peace officer may arrest a person without a warrant when the officer has probable cause to believe that a felony has been committed and that the person to be arrested has committed it. WYO.STAT. § 7–2–102(b)(ii) (1995). We have frequently invoked our rule that probable cause to arrest without a warrant exists when the facts and circumstances within the knowledge of the arresting officer together with facts and circumstances about which the officer has trustworthy information are sufficient to justify a reasonably cautious or prudent person in the belief that the person to be arrested has committed or is committing the offense. *Yung v. State*, 906 P.2d 1028, 1033 (Wyo.1995); *Lobatos v. State*,

875 P.2d 716, 723–24 (Wyo.1994); *Goettl v. State*, 842 P.2d 549, 555 (Wyo.1992); *Jandro v. State*, 781 P.2d 512, 517 (Wyo.1989); *Roose v. State*, 759 P.2d at 481; *Rodarte v. City of Riverton*, 552 P.2d 1245, 1253 (Wyo.1976); *Neilson v. State*, 599 P.2d at 1333.

 In this case, at the time Carroll was arrested, the law enforcement officers knew that he had twice visited a residence where a confidential informant had successfully purchased cocaine. The owner of that residence had stated that Jerry was coming over and that he was "holding an ounce for Jerry." Carroll had visited that house previously, having been seen there by the law enforcement officers. Shortly after the owner had commented about Jerry coming over, Carroll appeared. The law enforcement officers knew that Carroll had previously been convicted of a drug offense. The law enforcement officers' confidential informant had purchased cocaine within minutes before Carroll arrived at the residence. This combination of facts leads to the ineluctable conclusion that the law enforcement officers had probable cause to believe Carroll had purchased cocaine at the residence and was carrying it with him when he left. Certainly those facts and circumstances were more than sufficient to justify a reasonably cautious or prudent person in believing that Carroll had cocaine in his possession at the time that he was arrested. We so hold, only commenting further in this factual circumstance, that the law enforcement officers might have been guilty of some dereliction of duty had they not arrested Carroll.

Carroll was lawfully arrested pursuant to the provisions of Wyo.Stat. § 7–2–102(b)(ii). The search of his person and his vehicle was lawful as incidental to a lawful arrest. The cocaine was properly admitted into evidence at the trial.

We are satisfied that the law enforcement officers had probable cause to arrest Carroll. Consequently, we need not consider whether the search might also be justified as one that lawfully developed from a *Terry* investigative stop. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). While the trial court suggested the reliance upon an investigative stop as an alternative ground, it specifically ruled that there was probable cause for arrest. We agree with that ruling and do not discuss the justification based upon an investigatory stop.

The Judgment and Sentence entered in the trial court in this case is affirmed.