**Jeremy VAUGHN, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 97–79.**

Supreme Court of Wyoming.

July 2, 1998

Sylvia Lee Hackl, State Public Defender, PDP; Donna D. Domonkos, Appellate Counsel; Diane M. Lozano, Assistant Appellate Counsel, for Appellant. Argument by Ms. Lozano.

William U. Hill, Attorney General; Paul Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Kimberly A. Baker–Musick, Assistant Attorney General; Rachel Hodson, Student Intern, PAP, for Appellee. Argument by Ms. Hodson.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

THOMAS, Justice.

The only issue in this case is whether the district court abused the discretion vested in it when the court denied a Motion to Continue Probation Revocation filed on behalf of Jeremy Vaughn (Vaughn). Vaughn's motion asserted that the conduct for which revocation was sought had been separately charged in the county court and he had not been convicted on that charge; he was seeking a mental evaluation on the misdemeanor charge; and the continuance was in the best interests of justice. Other than advancing these propositions by motion, Vaughn presented no evidence at the revocation hearing with respect to the grounds for seeking a continuance. We perceive no abuse of discretion under the circumstances, and the Order of the district court revoking Vaughn's probation is affirmed.

The issue articulated in the Brief of the Appellant, filed on behalf of Vaughn is:

Issue I

Whether the court abused its discretion when it denied the appellant's motion for continuance thereby denying appellant his due process right to be competent to stand trial.

This Statement of the Issue is found in the Brief of Appellee, filed by the State of Wyoming:

Did the court abuse its discretion when it denied appellant's motion for a continuance of the probation revocation proceeding?

Vaughn originally was charged with the crime of aggravated assault, and on February 17, 1995, he pleaded guilty to that charge. The Judgment and Sentence of the district court was entered on May 30, 1995, and Vaughn was placed on three years supervised probation, including a requirement that he complete the Community Alternatives Program and seventy-five hours of community service. Vaughn successfully complied

---

* Chief Justice at the time of oral argument.

with the conditions of his probation until October of 1996.

On October 12, 1996, Vaughn's neighbors complained to Vaughn that his cats had been causing a nuisance around the neighborhood. Following that complaint, Vaughn went into his back yard and snapped the neck of one of his kittens, killing it. The killing of the kitten was witnessed by two small girls. After he killed the kitten, Vaughn became emotionally agitated and called a friend, who took him to High Plains for counseling. At High Plains, Vaughn admitted to his probation officer that he had killed the kitten.

Vaughn was charged in the county court with one count of cruelty to animals for killing the kitten. Based upon that incident, a probation revocation hearing was scheduled for November 21, 1996. At that hearing, Vaughn's attorney moved for a continuance on the ground that the charge of cruelty to animals was a misdemeanor which had not been resolved, and Vaughn was seeking a medical evaluation to provide a defense in the county court to the misdemeanor charge. The district court denied Vaughn's motion for a continuance. At the conclusion of the hearing, Vaughn's probation was revoked, and he was sentenced to the Wyoming State Penitentiary for a term of not less than eighteen months and not more than twenty-four months with credit for time previously served.

 Vaughn's appeal presents the question of an abuse of discretion by the district court in denying his motion for a continuance. A decision to grant or deny a motion for continuance lies within the sound discretion of the trial court. *Teton v. Teton,* 933 P.2d 1130, 1132 (Wyo.1997); *Mize v. North Big Horn Hosp. Dist.,* 931 P.2d 229, 232–33 (Wyo.1997); *Engle v. State,* 821 P.2d 1285, 1287 (Wyo.1991). This rule extends to a motion for a continuance of a probation revocation hearing. *Schmidt v. State,* 738 P.2d 1105, 1108 (Wyo.1987).

Over the years, an abuse of discretion has frequently been described by this Court as "an error of law in the circumstances." *Eager v. Derowitsch,* 68 Wyo. 251, 264, 232 P.2d 713, 717 (1951). This phrasing apparently first appeared in Wyoming in the *Eager* case,

and recent examples of its invocation are found in *Prindle v. State,* 945 P.2d 1180, 1183 (Wyo.1997); *Vena v. State,* 941 P.2d 33, 41 (Wyo.1997); *Carroll v. State,* 938 P.2d 848, 850 (Wyo.1997); *Scherer v. Scherer,* 931 P.2d 251, 254 (Wyo.1997); *Painter v. State ex rel. Wyoming Worker's Compensation Div.,* 931 P.2d 953, 956 (Wyo.1997); *Triggs v. Triggs,* 920 P.2d 653, 657 (Wyo.1996); *Lutz v. Schmillen,* 915 P.2d 599, 602 (Wyo.1996); *Lund v. Lund,* 849 P.2d 731, 740 (Wyo.1993); *RYN, Inc. v. Platte County Memorial Hosp. Bd. of Trustees,* 842 P.2d 1084, 1087 (Wyo. 1992); *Coulthard v. Cossairt,* 803 P.2d 86, 91 (Wyo.1990); *In re General Adjudication of All Rights to Use Water in the Big Horn River System,* 753 P.2d 76, 102 (Wyo.1988); *Holmes v. State,* 715 P.2d 196, 197 (Wyo. 1986); *MJP v. State,* 706 P.2d 1108, 1111 (Wyo.1985); *Jahnke v. State,* 682 P.2d 991, 1005 (Wyo.1984); and *Williams v. Stafford,* 589 P.2d 322, 329 (Wyo.1979). We have begun to question the validity of such a definition of abuse of discretion, and have suggested that "the ultimate issue is whether or not the court could reasonably conclude as it did." *Gaines v. Doby,* 794 P.2d 566, 570 (Wyo.1990). See also, *Love v. Love,* 851 P.2d 1283, 1286 (Wyo.1993).

 We conclude that we should no longer describe an abuse of discretion as an error of law under the circumstances because a court does not enjoy any discretion with respect to an error of law. We perceive the core of our inquiry as reaching the question of reasonableness of the choice made by the trial court. Henceforth, we will turn to a definition adopted in *Martin v. State,* 720 P.2d 894, 897 (Wyo.1986), in which we said:

Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Byerly v. Madsen,* 41 Wash.App. 495, 704 P.2d 1236 (1985).

We have invoked that definition in *Lee v. Sage Creek Refining Co.,* 947 P.2d 791, 793 (Wyo.1997); *Sorensen v. May,* 944 P.2d 429, 432 (Wyo.1997); *Punches v. State,* 944 P.2d

1131, 1136 (Wyo.1997); *Brown v. State*, 944 P.2d 1168, 1170 (Wyo.1997); *Vena v. State*, 941 P.2d at 41; *Nowotny v. L & B Contract Industries, Inc.*, 933 P.2d 452, 460 (Wyo. 1997); *Robinson v. Hamblin*, 914 P.2d 152, 155 (Wyo.1996); *Harston v. Campbell County Memorial Hosp.*, 913 P.2d 870, 875 (Wyo. 1996); and *Vit v. State*, 909 P.2d 953, 957 (Wyo.1996).

While on occasion we have offered a more concise concept of abuse of discretion, such as a determination as to whether or not the court could reasonably conclude as it did, (*Mapp v. State*, 929 P.2d 1222, 1225 (Wyo. 1996); *Counts v. State*, 899 P.2d 1341, 1343 (Wyo.1995)), or whether the court acted in a manner which exceeded the bounds of reason under the circumstances (*Miller v. State*, 904 P.2d 344, 351 (Wyo.1995); *Kupec v. State*, 835 P.2d 359, 362 (Wyo.1992)), in this case we proceed to determine whether the trial court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious. In *Minchew v. State*, 685 P.2d 30, 32 (Wyo.1984), we said that the decision to impose or revoke probation lies within the sound discretion of the trial court and is not to be disturbed on appeal unless the trial court acted arbitrarily, or according to whim or caprice.

The justification for the proposition that a decision to grant or deny a motion for continuance is within the sound discretion of the trial court is premised primarily upon the necessity for a trial court to be able to manage its own docket and schedule the hearing of cases as it sees fit. In asserting that there was an abuse of discretion in this instance, Vaughn contends that the district court should have granted his motion for continuance because the cruelty to animals charge, for which revocation of his probation was sought, had not been resolved in the county court. A probation revocation proceeding is not, however, a trial on any new criminal charge, but it is simply an extension of the sentencing proceeding. *Mapp*, 929 P.2d at 1226. The standard of proof is different from that in a criminal case because a violation of the conditions of probation need not be established beyond a reasonable doubt. *Swackhammer v. State*, 808 P.2d 219, 224

(Wyo.1991); *Panesenko v. State*, 706 P.2d 273, 276 (Wyo.1985). For that reason, a court is not precluded from revoking probation based upon a violation of law even though the probationer might be acquitted in the criminal proceeding predicated on that violation. *Gronski v. State*, 700 P.2d 777, 778 (Wyo.1985); *Ketcham v. State*, 618 P.2d 1356, 1360 (Wyo.1980). It follows that the resolution of the cruelty to animals charge pending before the county court was not material with respect to the probation revocation hearing. To uphold the decision of the district court to revoke probation it is only necessary that the record demonstrate the court made a conscientious judgment, after hearing the facts, that a condition of probation had been violated. *Roberts v. State*, 912 P.2d 1110, 1112 (Wyo.1996); *Krow v. State*, 840 P.2d 261, 264 (Wyo.1992). This record satisfies that standard, and the district court did not commit an abuse of discretion in denying Vaughn's motion for a continuance because of the pending charge in the county court.

As an alternative theory for his claim of abuse of discretion in denying his motion for a continuance, Vaughn argues that he was seeking a mental evaluation that would justify a change of his plea to not guilty by reason of mental illness or deficiency on the charge of cruelty to animals pending in the county court. He sought that determination pursuant to WYO. STAT. § 7–11–302 (1995), which provides:

> (a) No person shall be tried, sentenced or punished for the commission of an offense while, as a result of mental illness or deficiency, he lacks the capacity, to:
>
> > (i) Comprehend his position;
> >
> > (ii) Understand the nature and object of the proceedings against him;
> >
> > (iii) Conduct his defense in a rational manner; and
> >
> > (iv) Cooperate with his counsel to the end that any available defense may be interposed.

We assume that this statute could have been invoked in the probation revocation hearing, but Vaughn did not request the continuance by asserting that he was not competent to continue with the probation revocation hear-

ing. He simply contended that the probation revocation hearing should not be held while he was seeking to establish a defense or a justification to change his plea to not guilty by reason of mental illness or deficiency on the misdemeanor charge pending in the county court. We have explained that the disposition of that charge was not material to the probation revocation hearing. It follows that the district court did not abuse its discretion in refusing to grant Vaughn's motion for a continuance while he proceeded with his effort to obtain a competency evaluation in connection with the county court charge.

The record in this case demonstrates that the district court had ample grounds for reasonably concluding that it should not grant a continuance of Vaughn's probation revocation hearing. Nothing suggests that the decision was arbitrary or capricious, but it was made within the discretion of the trial court to manage its calendar.

The Order of the district court revoking Vaughn's probation is affirmed in all respects.