Joseph J. VENA, Petitioner–Appellant,

v.

Vance EVERETT, Warden, Wyoming State Penitentiary; and the Attorney General of the State of Wyoming, Respondents–Appellees.

No. 01–8001.

United States Court of Appeals, Tenth Circuit.

May 31, 2001.

Before HENRY, BRISCOE, and MURPHY, Circuit Judges.

ORDER AND JUDGMENT [*]

MURPHY, Circuit Judge.

After examining Petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a)(2); 10th Cir.R. 34.1(G). The court therefore orders the case submitted without oral argument.

Joseph J. Vena, proceeding *pro se*, seeks a certificate of appealability ("COA") to enable him to appeal the district court's

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

denial of the habeas petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that an appeal may not be taken from an order disposing of a § 2254 habeas petition unless the petitioner first obtains a COA). The district court also denied Vena's motion to proceed *in forma pauperis* on appeal.

Vena was convicted in Wyoming state court of conspiracy to commit first degree murder and first degree murder. He received two consecutive life sentences. In Vena's direct appeal, he claimed the following: (1) statements he made to investigators were involuntary and the jury was improperly instructed on the issue of voluntariness; (2) the district court erred when it refused to provide him with a copy of his co-defendant's psychiatric report; (3) the imposition of consecutive sentences violated the merger doctrine; (4) the district court erred by not admitting his entire recorded confession; and (5) his motion for a mistrial was erroneously denied. The Wyoming Supreme Court addressed each of Vena's claims and affirmed Vena's conviction and sentence. *See Vena v. State*, 941 P.2d 33 (Wyo.1997), *abrogated on other grounds, Vaughn v. State*, 962 P.2d 149 (Wyo.1998). Vena filed the instant § 2254 petition on May 7, 1998. In the petition, Vena reasserted the five claims he raised on direct appeal. In a thorough order, the district court carefully considered each of Vena's claims and denied his petition. In his application for a COA, Vena raises only three of the issues he raised in his habeas petition: (1) his confession was not voluntary; (2) his request to review his co-defendant's psychiatric evaluation was improperly denied; and (3) his consecutive sentences are foreclosed by the merger doctrine and violate the Double Jeopardy Clause.

Vena filed his habeas petition after April 24, 1996 and, therefore, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this court's review of his claims. Each of the claims Vena raises in his application for a COA has already been addressed by the Wyoming state court on the merits. Under the standards of review set out in 28 U.S.C. § 2254(d), therefore, the writ of habeas corpus cannot be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented at trial." *Id.* § 2254(d)(2); *see also Williams v. Taylor*, 529 U.S. 362, 402–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (interpreting 28 U.S.C. § 2254(d)(1)).

■ Vena's first claim is that his confession was involuntary because it was elicited by the coercive conduct of the law enforcement officers, *i.e.*, implied promises that the statements would not be used against him. The Wyoming Supreme Court applied a "totality of the circumstances" test to determine whether Vena's confession was voluntary. *See Arizona v. Fulminante*, 499 U.S. 279, 285, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); *Jarrett v. State*, 500 P.2d 1027, 1030 (Wyo.1972). That court concluded that no implied promises were made to Vena and, thus, he had failed to establish that his confession was involuntary. In reaching the conclusion that Vena's statements were given voluntarily, the state court noted Vena's experience in dealing with law enforcement officers and the lack of evidence that officers engaged in coercive conduct. The district court concluded that Vena had failed to show that the Wyoming Supreme Court's disposition of his claim was based on an unreasonable determination of the

facts in light of the evidence presented at trial. *See* 28 U.S.C. § 2254(d)(1), (2).

■ Vena next claims that the trial court's failure to order the disclosure of his co-defendant's psychiatric evaluation violated his due process rights. This claim was also addressed by the Wyoming Supreme Court. That court concluded the trial court properly denied Vena access to the psychiatric evaluation because Vena had failed to demonstrate how the evaluation was material to his defense. While due process challenges to state court evidentiary rulings may be raised in federal habeas corpus proceedings, this court reviews such rulings only for fundamental unfairness. *See Maes v. Thomas,* 46 F.3d 979, 987 (10th Cir.1995). "It is the materiality of the excluded evidence to the presentation of the defense that determines whether a petitioner has been deprived of a fundamentally fair trial." *Id.* The district court concluded that Vena had provided no explanation of how the psychiatric evaluation was relevant to his defense and, thus, his trial was not rendered fundamentally unfair by the trial court's failure to provide him with his co-defendant's psychiatric evaluation.

■ Finally, Vena argues that the same evidence was used to prove both charges against him and, thus, the imposition of consecutive sentences violated the Double Jeopardy Clause. The Wyoming Supreme Court applied a "statutory elements" test and concluded that conspiracy and the completed substantive offense are separate offenses under Wyoming law. *Vena,* 941 P.2d at 41; *see also Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (establishing the "same elements" test). The state court then held that "[t]he record in this case demonstrates that the evidence necessary to support the conspiracy charge is different from the evidence required to support the

accessory to murder charge." *Id.* The district court concluded that Vena had failed to demonstrate that the state court's adjudication of his double jeopardy claim violated a constitutional right.

In addition to his § 2254 petition, Vena also filed a motion for appointment of counsel. In that motion, Vena asserted that he required legal assistance to present his habeas claims because he is unschooled in the law, has only an eighth grade education, and is unable to obtain "key documents" or interview potential witnesses. Vena's motion was denied by a magistrate judge, who concluded that Vena failed to demonstrate that any exceptional circumstances justified the appointment of counsel. *See Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden,* 23 F.3d 332, 333 (10th Cir.1994) ("there is no constitutional right to counsel beyond the appeal of a criminal conviction, and [ ] generally appointment of counsel in a § 2254 proceeding is left to the court's discretion"). Vena objected to the magistrate's order and the district court dismissed the objections as moot when it ruled on the habeas petition.

In his application for a COA, Vena asserts that his motion for appointment of counsel was improperly denied. Vena was able to adequately present his arguments both to the district court and to this court. Thus, Vena has failed to make a substantial showing of the denial of a constitutional right and he is not entitled to a COA on this issue.

Vena must make a "substantial showing of the denial of a constitutional right" before he is entitled to a COA. 28 U.S.C. § 2253(c)(2). Vena may make this showing by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel,* 529 U.S.

473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Upon review of the relevant case law, Vena's appellate brief and his application for a COA, and the entire record on appeal, we conclude that the issues raised by Vena are not reasonably debatable, deserving of further proceedings, or subject to a different resolution on appeal. Accordingly, this court denies Vena's request for a COA and dismisses this appeal. Vena's request to proceed on appeal *in forma pauperis* is granted.