2009 WY 154

**Donald Alick CROSS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–09–0066.

Supreme Court of Wyoming.

Dec. 17, 2009.

Rehearing Denied Jan. 12, 2010.

Representing Appellant: Donna D. Domonkos of Burg, Simpson, Eldredge, Hersh & Jardine, P.C., Cheyenne, Wyoming.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Justin Daraie, Prosecution Assistance Clinic Student Director and Intern. Argument by Mr. Daraie.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1]   This is an appeal from several related convictions for forgery and uttering a forgery.   The appellant contends that the district court erred in denying his motion for a new trial, and that his trial counsel was ineffective for failing to interview a potential witness.   Finding no error below, we affirm.

## ISSUES

[¶ 2]   1.   Did the district court abuse its discretion by denying the appellant's motion for a new trial?

2.   Was the appellant's trial counsel ineffective for failing to interview a potential witness?

## FACTS

[¶ 3]   In 2003, the appellant recorded in the records of the county clerk four instruments assigning certain overriding royalty interests to his daughter's corporation.   The instruments purported to have been signed and notarized in 2000.   Shortly after recording the instruments, the appellant "took bankruptcy," and he did not list the overriding royalty interests as assets of the bankruptcy estate.   Trial testimony revealed that, at the appellant's direction, the instruments actually were signed and notarized in 2003, but backdated to 2000.   Trial testimony also revealed that, had the instruments shown the correct transfer date in 2003, they would have been considered by the bankruptcy court to be prohibited inter-family transfers, and would have been "reversed," with the property rights brought into the bankruptcy estate.

[¶ 4]   Wyo. Stat. Ann. § 6-3-602(a) (LexisNexis 2009), under which the appellant was criminally charged, reads in pertinent part as follows:

(a) A person is guilty of forgery if, with intent to defraud, he:

. . . .

(ii) Makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or

(iii) Utters any writing which he knows to be forged in a manner specified in paragraphs (i) or (ii) of this subsection.

[¶ 5]   After judgment was entered, but before sentencing, the appellant filed in the district court a Motion for New Trial Based on Newly Discovered Evidence.  In that regard, W.R.Cr.P. 33(a) provides in pertinent part that "[t]he court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice."  The appellant's alleged newly discovered evidence was the testimony of Wayne Agner, a former employee of the appellant, who would testify that in 2000 he drafted and the appellant signed the overriding royalty interest assignments, and that he recreated them for the appellant's signature in 2003 when he could not locate the originals.  It is the appellant's theory that this testimony "exonerates" him because the jury would not have found that he had an intent to defraud in 2003 if it had known that he originally signed the assignments in 2000.

## DISCUSSION

### Did the district court abuse its discretion by denying the appellant's motion for a new trial?

■ [¶ 6]   Our standard for the review of the denial of a motion for a new trial is as follows:

The question of whether to grant or deny a new trial motion is a matter for the discretion of the trial court, and the trial court's decision will not be reversed without a showing of abuse of that discretion. *Baumgartner v. State,* 7 P.3d 912, 915 (Wyo.2000).  A trial court abuses its discretion when it could not have reasonably concluded as it did.  *Id.*  In this context, "reasonably" means " 'sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.' "  *Vaughn v. State,* 962 P.2d 149, 151 (Wyo.1998) (quoting *Martin v. State,* 720 P.2d 894, 897 (Wyo.1986)).

*Robinson v. State,* 2003 WY 32, ¶ 18, 64 P.3d 743, 748 (2003); *see also Hicks v. State,* 2008 WY 83, ¶ 30, 187 P.3d 877, 883 (2008).  Where the motion is based upon alleged newly discovered evidence, the "interest of justice" requires that the appellant prove the following:

1.   He did not become aware of the new evidence until after the trial.

2.   It was not because of lack of due diligence that the new evidence did not come to light sooner.

3.   The evidence is so material that it would probably produce a different result.

4.   The evidence is not cumulative.

*Robinson,* 2003 WY 32, ¶ 20, 64 P.3d at 748–49.

■ [¶ 7]   In denying the motion, the district court concluded both that the appellant had not proven the exercise of due diligence, and that the evidence was not so material that it would have had any effect on the trial.  We agree as to both conclusions.  The record is clear that both the appellant and his attorney were aware of Mr. Agner before trial, and that the appellant specifically knew of Agner's creation of the instruments, both in 2003 and, allegedly, in 2000.  The appellant testified at the motion hearing that his attorney did not subpoena Agner to testify at trial, either because the State had already done so, or because Agner was out-of-state and could not be subpoenaed.  He did not testify that they did not subpoena Agner because they did not know that he could or should be a witness.  They failed to exercise due diligence.

■ [¶ 8]   Perhaps more importantly, we also agree with the district court on the more substantive issue of whether the evidence was so material that it likely would have changed the result of the trial.  The district

court thought not. The gist of Agner's testimony was that, sometime in 2003 when the appellant's bankruptcy had not yet been filed but was being considered, the appellant contacted Agner and asked him for the assignments. Agner testified that, when he could not find the assignments, he simply created new ones and gave them to the appellant for signature. Agner claimed to know nothing about the signature, notarization, or backdating of the assignments, other than that they were blank when he gave them to the appellant, and that the appellant returned them to him to give to a secretary for notarization.

[¶ 9] There are several reasons that Agner's testimony is not likely to have affected the outcome of the trial. First, Agner's memory was sketchy, at best, and selective, at worst. Second, his testimony certainly did not "exonerate" the appellant; instead, it corroborated the State's theory that, just prior to declaring bankruptcy, the appellant went to extraordinary lengths to get the overriding royalty interests out of his name and into his daughter's. Third, Agner's shaky and self-serving testimony directly contradicted the precise testimony of the notary public, given initially against her penal interest, that the appellant brought the assignments to her and asked her to backdate them.[1] And finally, the State produced considerable evidence to corroborate the notary public's version of what had happened, while Agner's testimony was riddled with "I don't know" and "I don't remember" answers. It was not an abuse of discretion for the district court to deny the new trial motion.

### Was the appellant's trial counsel ineffective for failing to interview a potential witness?

[¶ 10] When reviewing claims of ineffective assistance of counsel, we invoke a strong presumption that counsel rendered effective assistance, and we do not reverse unless counsel's performance so undermined the adversarial process that the results of the trial cannot be trusted. *Guy v. State,* 2008 WY 56, ¶ 25, 184 P.3d 687, 695 (2008). The appellant must prove both that counsel's performance was deficient, and that prejudice resulted. *Montez v. State,* 2009 WY 17, ¶ 3, 201 P.3d 434, 436 (2009). In the instant case, the appellant's argument in this regard must fail because it is premised upon his first argument. He alleges that his trial attorney was ineffective because he did not adequately investigate the case and did not call Mr. Agner as a witness. Inasmuch as we have already concluded that, at best, Agner would have been a neutral witness, we cannot conclude that defense counsel's failure or decision not to call him as a witness exhibited deficient performance, or that the appellant was prejudiced thereby. Not only was Agner's testimony evasive and not particularly helpful to the appellant, Agner also admitted on the stand that he had for some time gone by a different name because he "was on the run from the law." The record reflects a witness who patently was not credible, and whose version of events was not particularly helpful to the appellant. Counsel did not provide ineffective assistance by failing to call him as a witness.[2]

### CONCLUSION

[¶ 11] The district court did not abuse its discretion in denying the appellant's motion for a new trial. The identity of Mr. Agner and his potential as a witness was not newly discovered, but was known to the appellant and his attorney before trial. Beyond that, the appellant was not prejudiced by Agner's absence from the trial, given the highly questionable value of his testimony in the forma-

---

1. The notary public was charged with four misdemeanors for her part in the notarization of the assignments, which misdemeanor charges were dismissed in exchange for her agreement to testify truthfully at the appellant's trial. It is significant that she admitted her role quite some time before entering into the agreement with the State.

2. The appellant makes unfounded accusations that defense counsel was ineffective largely because he was suffering from a conflict of interest caused by the fact that he was running for public office during the time that he represented the appellant. This allegation is unsubstantiated by the presentation of any facts, so we will disregard it.

tion or corroboration of a defense. For the same reasons, counsel was not ineffective in failing to call Agner as a witness. If anything, Agner would have corroborated the State's theory that the appellant produced the backdated documents to get the assigned interests out of his bankruptcy estate.

[¶ 12]   Affirmed.