**Theodore H. JONES, Appellant (Defendant),**

v.

**Lisa Ann JONES, Appellee (Plaintiff).**

No. 94–289.

Supreme Court of Wyoming.

Sept. 29, 1995.

Theodore H. Jones, pro se.

Robert O. Anderson of Andrews and Anderson, Riverton, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

Theodore H. Jones (appellant), appearing pro se, appeals from a Decree of Divorce granted to Lisa Ann Jones (appellee). Appellant claims error regarding the denial of a Motion for Continuance, the awarding of alimony to appellee and the violation of his constitutional right to equal protection.

We affirm.

Appellant delineates three issues for our consideration:

Issue I

Whether the District Court manifested (manifesto) [sic] "failure of justice" in denying Motion for Continuance[.]

Issue II

Whether the District Court erred in awarding alimony to the Appellee/Plaintiff.

Issue III

Whether the District Court erred in denying the Appellant/defendant his civil rights under the Equal Protection Clause of the Fourteenth Amendment of the United States [C]onstitution: more exact the strict scrutiny clause of the amendment[.]

## FACTS

The parties were married on December 10, 1992, in Pocatello, Idaho. Appellee filed a Complaint for Divorce in Fremont County, Wyoming on April 5, 1994. The district court set the matter for trial on August 24, 1994. Appellant, who at the time was a resident at the Wyoming Honor Farm in Riverton, filed a Motion for Continuance on August 22, 1994. The basis of appellant's motion was that he could not attend the trial on August 24 because he was scheduled to appear before the Parole Board on the same day. On the same the day as the motion was filed, the district court denied the motion noting that both the parole hearing and the trial were being held in Riverton allowing appellant to attend both.

The trial, unreported, was held as scheduled and, on October 31, 1994, the district court entered an order granting the divorce and awarding appellee alimony in the amount

of $250.00 a month for one year. Appellant appeals.

## DISCUSSION

Appellant asserts that the district court erred by denying his Motion for Continuance. Appellant contends that a continuance was justified by the scheduling conflict between the divorce hearing and his parole hearing.

■ The decision to grant or deny a motion for a continuance is committed to the sound discretion of the trial court. *Carlson v. BMW Indus. Serv., Inc.*, 744 P.2d 1383, 1385 (Wyo.1987). A trial court is authorized to grant a continuance when the party asking for it has shown good cause. *Id.;* W.S. 1–9–102 (1988 Rpl.).

■ We conclude that, given the untimeliness of appellant's motion, there was no abuse of discretion by the trial court in denying it. Appellant's motion for a continuance was filed two days before the August 24 trial, a trial that was set by Scheduling Order entered June 10. Furthermore, it is apparent from the record that appellant knew at some point before August 1 that there was a scheduling conflict. Appellee, in her trial summary filed August 2, 1994, acknowledged the conflict and advised the court that she would strongly object to "any last minute requests to vacate or continue the trial[.]" Thus, appellant had at least three weeks in which to notify the district court of the problem. Instead, he waited until two days before the hearing before making his motion. Under these circumstances, we cannot conclude that the district court abused its discretion.

■ Appellant also complains about the district court's decision to award appellee alimony payments. In Wyoming, alimony is not favored, though it is statutorily authorized. *Muller v. Muller*, 838 P.2d 198, 199 (Wyo.1992); W.S. 20–2–114 (1994 Rpl.). However, the decision whether to award alimony is within the sound discretion of the trial court and will not be disturbed absent a clear abuse of that discretion appearing in the record. *Kennedy v. Kennedy*, 761 P.2d 995, 997–98 (Wyo.1988); *Cooper v. Cooper*,

448 P.2d 607, 608 (Wyo.1968). Our review of this issue is constrained by the deficient record available to us. A transcript of the hearing is not in the record on appeal, and the district court's Decree of Divorce does not explain why alimony was awarded. Therefore, it is impossible for us to determine the reason for the award and, consequently, whether the district court abused its discretion. However, we affirm the award for the failure of appellant to make any cogent argument. *See Hamburg v. Heilbrun*, 889 P.2d 967, 968 (Wyo.1995) ("we need not consider issues which are not supported by proper citation of authority and cogent argument or which are not clearly defined") (*quoting Young v. Hawks*, 624 P.2d 235, 238 n. 2 (Wyo.1981)). Appellant's brief on this issue is devoid of any coherent argument as to how the district court could have abused its discretion. It is not our duty to make a party's arguments for them, and we decline to do so here.

■ Finally, appellant argues in a claim stylized as a denial of his constitutional right to equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution, that he was denied an opportunity to be heard in court. Appellant's argument, however, is substantively one of procedural due process. *See Murray v. Murray*, 894 P.2d 607 (Wyo.1995). Distilled to its essence, appellant's argument is that he was deprived of property without an opportunity to be heard.

The Constitution of the United States and the Constitution of the State of Wyoming each provide that no person shall be deprived of life, liberty or ***property*** without due process of law. U.S. Const. amend. XIV, § 1; Wyo. Const. art. 1, § 6. " 'It is basic that, ***before*** a property interest can be terminated, except in emergency situations, due process must be afforded to litigants in the form of notice and a ***meaningful*** opportunity to ̇be heard.' " *Sandstrom v. Sandstrom*, 880 P.2d 103, 106 (Wyo.1994) (*quoting Lawrence–Allison and Associates West, Inc. v. Archer*, 767 P.2d 989, 997 (Wyo.1989)) (emphasis in original).

*Murray,* at 608. Thus the question we confront is whether, under the circumstances of this case, appellant was deprived of a meaningful opportunity to be heard or if his right to be heard was waived by his failure to appear.

The Missouri Supreme Court recently addressed a similar situation in *Moore v. Bd. of Educ.,* 836 S.W.2d 943 (Mo. banc 1992). In that case Moore asked for a continuance during a hearing on his termination from the school district because, he claimed, it was too late in the day for him to call his witnesses. The Board denied the request, and Moore left the hearing. After his termination was upheld, Moore appealed claiming that he had been deprived of his due process right to be heard because the hearing continued in his absence.

The Due Process Clauses require that in order to deprive a person of a property interest, he must receive notice and an opportunity for a hearing appropriate to the nature of the case. *Belton [v. Board of Police Com'rs of Kansas City,* 708 S.W.2d 131 (Mo. banc 1986) ] at 137. Due process contemplates the opportunity to be heard at a meaningful time and in a meaningful manner. *Nixon v. Williamson,* 703 S.W.2d 526 (Mo.App.1985). The dispositive issue before this Court then rests upon whether the failure to grant the continuance deprived Moore of a fair hearing because he was not given the opportunity to be heard at a meaningful time and in a meaningful manner.

We must first address whether by leaving the hearing, Moore waived his right to due process. Due process merely affords the *opportunity* to be heard and, thus, *a party can waive his due process right to be heard by voluntarily absenting himself from the proceedings.* *Birdwell v. Hazelwood School Dist.,* 491 F.2d 490, 494 (8th Cir.1974). If the claimant's due process rights have been violated prior to his abandonment, then the claimant has not waived his rights because he was not afforded a fair hearing and, thus, is entitled to relief. On the other hand, if the hearing complied with the requirements of due process up to the time claimant left the hearing, then the claimant's decision to leave and his failure to cross-examine wit-

nesses, to make objections and to present his evidence waives his right to complain of anything thereafter.

*Moore,* 836 S.W.2d at 947 (emphasis added). The Missouri Supreme Court then went on to hold that the board did not abuse its discretion in denying the motion for a continuance and, therefore, Moore had waived his due process rights by leaving the hearing. *Id.,* at 949.

Applying this analysis to the case before us, it is clear that appellant waived his due process rights. We have already noted that the district court did not abuse its discretion in denying appellant's motion for a continuance. It follows that by voluntarily absenting himself from the hearing, appellant waived his right to be heard. Appellant was presented with a meaningful opportunity to be heard. His voluntary failure to appear at the hearing waives his right to complain about the hearing occurring in his absence.

### CONCLUSION

The district court did not abuse its discretion in denying the motion for a continuance since appellant, with at least three weeks advance notice of the scheduling conflict, did not make the motion until two days before the hearing. Therefore, appellant waived his due process right to be heard by voluntarily absenting himself from the hearing.

Affirmed.