Gene LEE and Georgine Lee, husband and wife, Appellants (Defendants),

v.

SAGE CREEK REFINING CO.,
a Wyoming corporation,
Appellee (Plaintiff).

No. 96–292.

Supreme Court of Wyoming.

Nov. 6, 1997.

Joel M. Vincent, Vincent & Vincent, Riverton, for Appellants.

Vance T. Countryman, Hooper Law Offices, PC, Riverton, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN JJ.

THOMAS, Justice.

The resolution of this case turns upon the validity of the contention by Gene Lee and Georgine Lee (Lees) that the district court abused its discretion in refusing to set aside their default entered by the clerk of the district court pursuant to WYO. R. CIV. P. 55(a). The Lees failed to answer or otherwise plead to the Complaint filed by Sage Creek Refining Co. (Sage Creek) within the thirty days provided by WYO. R. CIV. P. 12(a), after service of process was made upon them in Arizona pursuant to the provisions of WYO. R. CIV. P. 4(*l*)(2). More than thirty days after service was completed, Sage Creek applied for entry of default, and an Entry of Default was made by the clerk of the district court. The Lees were unsuccessful in persuading the district court to set aside the entry of default, and after an appropriate hearing on damages, the court entered judgment against the Lees in the amount of $26,200.00 plus costs of $3,000.00. A collateral issue relates to the impropriety of the theory invoked by the trial court to arrive at damages. We hold that the trial court did not abuse its discretion in refusing to set aside the default, and the Order providing a judgment in favor of Sage Creek against the Lees is affirmed.

In the Brief of Appellants, the Lees state the issues in this way:

a.

Whether the Trial Court abused its discretion in refusing to set aside the Entry of Default.

b.

Whether the Trial Court erred as a matter of law in awarding any amount as judgment on the claim for breach of the implied covenant to provide water and sewer.

Sage Creek, in its *Brief of Appellee*, sets forth three issues to be addressed by the Court:

Whether the trial of [sic] court abused its discretion when it denied the Appellants' motion to set aside the entry of default.

Whether the Court abused its discretion by failing to give Appellants 3 days notice prior to the entry of default.

Whether judgment for the claim for breach of the implied covenant to provided [sic] water and sewer is proper as a matter of law.

In 1970 Sage Creek leased property from the Lees for a term of forty years. In a collateral agreement, the Lees agreed to provide Sage Creek with water for the leased premises from a well located on adjacent property owned by the Lees, and they also agreed to permit Sage Creek to place a septic tank on that property. Sage Creek took possession of the leased premises and constructed a convenience store and gas station there. In the course of that construction Sage Creek installed a septic system on the adjacent property.

In 1982 the Lees leased the property on which the water well and the septic tank were located to Sage Creek. The lease of the adjacent property permitted Sage Creek's customers and suppliers to drive completely around the convenience store building. The lease was for a ten year period, and in the early 1980's, Sage Creek drilled a new water well on the property because the existing well went bad. The parties intended that the new well would replace the original well.

After the ten year period of the second lease expired, the Lees demanded an additional Three Hundred Dollars ($300.00) a month rent from Sage Creek to renew that lease. When Sage Creek refused to agree to the additional rent, the Lees threatened to, and in fact did, cut Sage Creek's business premises off from access to the water well and refused to supply Sage Creek with water.

Sage Creek then filed the Complaint in this action and a summons was issued, but it was not served. Sage Creek sought a temporary restraining order, and counsel for the Lees appeared via telephone at a hearing. Not long after that, counsel for Sage Creek requested counsel for the Lees to accept service, but counsel for the Lees refused, asserting lack of authorization to accept service. Subsequently, counsel for the Lees represented them at the deposition of the president of Sage Creek. Prior to that deposition, counsel for Sage Creek again requested that counsel for the Lees accept service, or at least enter an appearance, but counsel for the Lees again refused to accept service and did not enter an appearance.

On December 7, 1992 the Lees received copies of the summons and Complaint and the Temporary Restraining Order which were served on them in Arizona by certified mail. The Lees did not answer, appear, or plead to the Complaint, and on January 29, 1993, Sage Creek applied to the clerk of the district court for Entry of Default. Default was entered on February 1, 1993, and the Lees then moved to set it aside requesting an enlargement of the time to answer. The district court denied that motion, and an effort was made to appeal that ruling. This Court dismissed that appeal, holding that the order denying a motion to set aside an entry of default is not an appealable order. *Lee v. Sage Creek Refining Co., Inc.*, 876 P.2d 997 (Wyo.1994).

As styled by the district court, a "trial," which constituted the hearing on the application of Sage Creek for the entry of a judgment, was conducted on October 31, 1995, concluding on January 3, 1996. On May 7, 1996, the trial court entered an Order awarding judgment in favor of Sage Creek and against the Lees for $26,200.00, with interest

at the statutory rate and costs in the sum of $3,000.00. Both parties sought to have the district court reconsider that Order, and their respective motions were denied. The Lees then took this appeal.

■ Seeking reversal of the Order, the Lees contend that the district court abused its discretion in refusing to set aside the entry of default. Their arguments focus on WYO. R. CIV. P. 55(c), which states: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." A party must substantiate reasons pursuant to WYO. R. CIV. P. 60(b) in order to establish "good cause" for setting aside the entry of default. *Vanasse v. Ramsay*, 847 P.2d 993, 999 (Wyo. 1993). The Lees rely upon reasons (1) and (6) found in WYO. R. CIV. P. 60(b), which states:

> On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment.

■ We review the ruling of a trial court on motions presented pursuant to WYO. R. CIV. P. 60(b)(1) and (6) only for an abuse of discretion. *Vanasse*, 847 P.2d at 996; *Carlson v. Carlson*, 836 P.2d 297, 301 (Wyo.1992); *U.S. Aviation, Inc. v. Wyoming Avionics, Inc.*, 664 P.2d 121, 126–27 (Wyo.1983). Essentially the resolution of such motions is left to the sound discretion of the trial court, as defined in *Martin v. State*, 720 P.2d 894, 897 (Wyo.1986):

> Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.

■ The justification presented by the Lees to demonstrate an abuse of discretion is that the trial court "ignored or failed to consider prior appearance of record by counsel for the [Lees]." The Lees and Sage Creek agree, however, that counsel for the Lees refused to accept process for his clients on two occasions. Furthermore, while clearly representing the Lees at the hearing on the temporary restraining order and at the deposition of the president, counsel for the Lees did not enter a written appearance in accordance with UNIFORM RULES FOR DISTRICT COURTS OF THE STATE OF WYOMING 102(a)(1)(C). In order to move forward with its litigation, Sage Creek proceeded to accomplish service upon the Lees in Arizona by certified mail under our rules of civil procedure. The summons advised the Lees that they must answer the Complaint within thirty days, but they did nothing, and apparently did not even tell their lawyer that they had been served. There is no dispute that Entry of Default was accomplished more than thirty days after service of process upon the Lees.

The Lees seek to adopt by analogy the requirement in WYO. R. CIV. P. 55(b)(2) that a party or his attorney, who has made an appearance, is entitled to notice before a default judgment is entered. The Lees argue that the same notice should be required for the entry of default under WYO. R. CIV. P. 55(a). The clear language of WYO. R. CIV. P. 55(a), provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." We hold that this language negates the Lees' contention. The rule language makes no reference to any entitlement to notice by virtue of an appearance, and we do not choose to amend the rule by this opinion. The Lees admit that they were properly served under the Wyoming Rules of Civil Procedure, and under the clear language of the rule neither an appearance nor representation by counsel for the Lees is relevant to the entry of default.

The arguments submitted by the Lees are not sufficient to persuade us of mistake, inadvertence, surprise, or excusable neglect as provided in WYO. R. CIV. P. 60(b)(1). Furthermore, we do not perceive in these circumstances, any other reasons that would

justify relief from the operation of the judgment, as provided in WYO. R. CIV. P. 60(b)(6). There is nothing in this record that appears to present the extraordinary circumstances required by *Vanasse*, 847 P.2d at 998, to justify relief under this "catch all" phrase. We conclude that the Lees did not demonstrate good cause under WYO. R. CIV. P. 55(c) to set aside the Entry of Default in the trial court, and under the circumstances, we can discern no abuse of discretion.

In their second argument, the Lees address the theory adopted by the trial court in awarding damages for breach of the implied covenant to provide water and a location for a septic system. The Complaint filed by Sage Creek alleged in pertinent part:

5. In addition to the parties' lease agreement, Defendants agreed to provide Plaintiff with water for the leased premises from a well located on adjacent property owned by Defendants, directly north of the leased premises, and additionally, agreed with Plaintiff to allow Plaintiff to put its septic tank on this adjacent property which Plaintiff did shortly after the lease was executed.

6. Defendants provided Plaintiff with water from its well for Plaintiff's business for many years and Plaintiff continues to use the septic system to the present time.

* * *

8. During the early 1980's, the water from Defendants' then existing well went bad, and Plaintiff, who had by then leased this additional property adjacent to the 1970 lease, at its expense caused a new well to be drilled on said adjacent leased property, which also serves Defendants; it being the parties' intention and agreement that this newly drilled well would replace Defendants' original well.

9. The Defendants, after said second lease expired in August, 1992, and upon Plaintiff's refusal to agree to a substantially increased rental rate, in breach of their original agreement and in furtherance of a conspiracy between them to force Plaintiff out of its business, have threatened to, and as of November 11, 1992 have cut Plaintiff's business off from access to water from said well and are refusing to supply Plaintiff with water.

* * *

14. That, in the alternative, Defendants, by permitting Plaintiff to expend money to drill a new well on Defendants' property granted Plaintiff an implied easement in said well for at least the balance of the forty-year original lease agreement.

 The allegations in a complaint are admitted when a default is entered. *Zweifel v. State ex rel. Brimmer*, 517 P.2d 493, 499 (Wyo.1974); *Miller v. Tony and Susan Alamo Foundation*, 748 F.Supp. 695, 697 (W.D.Ark.1990) (relying upon federal rules of civil procedure). "Upon entry of a default judgment, facts alleged to establish liability are binding upon the defaulting party...." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir.1978). Since we hold that the entry of default was proper, the allegations relative to the grounds for awarding damages are deemed admitted. The admitted allegations include both breach of contract and an implied covenant to supply water and sewer services. Consequently, no error occurred when the trial court adopted the admitted theory of damages in awarding judgment.

In summary, our holding is that there was no abuse of discretion by the trial court when it entered default against the Lees. Because theories upon which damages were calculated are included in facts alleged in the Complaint, which were deemed admitted by the default, they appropriately can be sustained on appeal.

The Order, pursuant to which the trial court awarded judgment against the Lees in favor of Sage Creek, is affirmed.