2005 WY 145

**Karie L. NOONAN, n/k/a Karie L. Anderson, Appellant (Defendant),**

v.

**Robert Christian NOONAN, Appellee (Plaintiff).**

No. 05–27.

Supreme Court of Wyoming.

Nov. 22, 2005.

Representing Appellant: Tom Sutherland, Casper, Wyoming.

Representing Appellee: Richard L. Harden, Casper, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1]   Karie Noonan (the Wife) appeals the district court's denial of her motion to vacate and set aside a default divorce decree granted to Robert Noonan (the Husband). The divorce decree awarded the couple joint legal and split physical custody of their two children, established a detailed visitation schedule, and ordered the Husband to pay child support to the Wife. The divorce decree was entered without a hearing and without any other evidentiary basis, and in the absence of the financial affidavits required by Wyo. Stat. Ann. § 20–2–308(a) (LexisNexis 2005). We

affirm in part, reverse in part, and remand for further proceedings.

## ISSUE

[¶ 2] Did the district court abuse its discretion in refusing to set aside the default divorce decree?

## FACTS

[¶ 3] The Husband and the Wife married either on December 31, 1989 or November 12, 1994.[1] Their union bore two children: one born in 1994, and another in 2000. On July 1, 2004, the Husband filed a complaint seeking a divorce, a property distribution, split legal and physical custody of the children, and a child support determination. The Wife was served with a copy of the complaint on July 16, 2004, but failed to appear or answer. The Husband filed an affidavit for entry of default on August 6, 2004, and the clerk of court entered default on that same day. A default divorce decree was entered on September 24, 2004, granting the divorce, dividing the couple's property, awarding joint legal but split physical custody of the children, detailing visitation, and ordering the Husband to pay monthly child support of $295.00. The divorce decree was entered without a hearing, the only evidentiary support for the divorce decree being the Husband's brief affidavit estimating the parties' respective income.

[¶ 4] On October 29, 2004, the Wife moved to vacate the divorce decree pursuant to W.R.C.P. 60(b)(4) and (6). The Wife argued that the divorce decree was procedurally flawed and that it deprived her of the fundamental right to associate with her children without due process of law. The Wife later supplemented her motion and claimed that the divorce decree was unworkable because a mutual protection order prevented the parties from communicating to arrange visitation with the children. After a hearing, the motion was denied. This appeal followed.

1. The Husband's complaint alleges the 1994 date, while the divorce decree states the 1989 date.

## STANDARD OF REVIEW

[¶ 5] The Wife challenged the default divorce decree under W.R.C.P. 60(b)(4) and (6).[2] That rule reads, in pertinent part, as follows:

> On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void; ... or (6) any other reason justifying relief from the operation of the judgment.

[¶ 6] We have said that granting relief under W.R.C.P. 60(b)(6) is a matter best left to the sound discretion of the trial court. *MAM v. State Dept. of Family Services*, 2004 WY 127, ¶¶ 10–11, 99 P.3d 982, 984–85 (Wyo. 2004). Under that rule, we will reverse the trial court for an abuse of discretion only in special situations justifying extraordinary relief and upon a showing of exceptional circumstances. *Id.* Our standard for the review of discretionary decisions has been stated many times and will not be repeated here. *See, for example, Produit v. Produit*, 2001 WY 123, ¶ 9, 35 P.3d 1240, 1242–43 (Wyo. 2001).

## DISCUSSION

[¶ 7] The motion to set aside the default divorce decree should have been granted, for several reasons, beginning with this pertinent language from W.R.C.P. 55(b)(2):

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper....

The clear import of this language, in the context of the present case, is to require the district court to base its findings of fact

2. W.R.C.P. 55(c) provides that a default judgment may be set aside "in accordance with Rule 60(b)."

regarding property distribution, child custody, visitation, and support on some evidence in the record. An entry of default prevents the defaulted party from appearing and presenting evidence; it does not relieve the non-defaulting party of its obligation to produce an evidentiary basis for the desired relief, nor does it relieve the district court of its obligation to base its findings of fact upon such evidence. *Spitzer v. Spitzer*, 777 P.2d 587, 592–93 (Wyo.1989).

[¶ 8] Another reason that the motion to set aside the default divorce decree should have been granted is the failure of the district court to comply with the dictates of Wyo. Stat. Ann. § 20–2–308(a), which provides as follows:

> No order establishing or modifying a child support obligation shall be entered unless financial affidavits on a form approved by the Wyoming supreme court which fully discloses the financial status of the parties have been filed, or the court has held a hearing and testimony has been received.

While we understand that, in a default situation, it may be difficult or even impossible to obtain the financial affidavit of the defaulted party, the obligation remains for the non-defaulting party to file such affidavit, and the obligation remains for the district court to obtain sufficient financial evidence of both parties' income to make factual determinations, and to comply with the presumptive child support guidelines found in Wyo. Stat. Ann. § 20–2–304 (LexisNexis 2005), or to determine whether to deviate from those guidelines, as allowed by Wyo. Stat. Ann. § 20–2–307 (Lexis Nexis 2005). That did not happen in this case.

[¶ 9] Just as the legislature has required the district courts to abide by these statutes in determining child support, so has it mandated that child custody decisions be based upon the best interests of the children, with consideration given to specific statutory factors. *See* Wyo. Stat. Ann. § 20–2–201(a) (LexisNexis 2005) ("the court shall consider ... the following factors...."). Child custo-

dy and visitation orders, even in the default situation, may not be entered without consideration of these factors. That did not happen in this case.

[¶ 10] And finally, we have established a special rule for cases where the district court orders split custody of the parties' children:

> As future guidance to the trial courts, we hold that, when the exercise of its discretion in custody matters involves splitting custody of children between parents or other unconventional custody approaches, the trial court must provide an explanation of its reasoning and place its findings on the record. A reasoned explanation and an expression of findings of a trial court's conclusion will assure this court that a comprehensive evaluation of all relevant factors occurred prior to the award of custody.

*Pace v. Pace*, 2001 WY 43, ¶ 17, 22 P.3d 861, 867 (Wyo.2001). This rule exists

> because close familial relationships are much to be encouraged, brothers and sisters need each other's strengths and association in those everyday and often common experiences; separating them unnecessarily is likely to be traumatic and harmful. In addition, brothers and sisters may particularly need each other's support to cope with the strain of their parents' divorce.

*Aragon v. Aragon*, 2005 WY 5, ¶ 26, 104 P.3d 756, 764 (Wyo.2005).

[¶ 11] This case presents an evidentiary inadequacy one step beyond *Pace*. In that case, the district court failed to place the reasons for its decision on the record. *Pace*, 2001 WY 43, ¶ 12, 22 P.3d at 865. Here, not only were the district court's findings inadequate, there was almost no evidence before the district court.[3] Based on this scant evidence, the district court made a finding of fact that:

> Both parties are fit and proper persons to be awarded custody of the minor children and they should be awarded the joint legal custody of them, and that it would be

---

**3.** The only evidence before the district court was an affidavit which stated the Husband's net monthly pay and asked that $750.00 per month be imputed as the Wife's monthly income for child support calculations.

in the best interests of the children to award the primary physical custody of [the older child] to [Husband], and to award the primary physical custody of [the younger child] to [Wife] subject to the reasonable visitation rights of the parties upon reasonable notice.

## CONCLUSION

[¶ 12] The default judgment in this case is vacated, with the exception of that portion of the judgment granting a divorce to the parties. There was no evidentiary basis for the district court's findings of fact in regard to property distribution, child custody and visitation, and child support. The denial of the motion to set aside the default divorce decree is reversed to that extent and this matter is remanded to the district court for further proceedings consistent herewith.