# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 109

OCTOBER TERM, A.D. 2016

November 17, 2016

CASEY CHARLES PEAK,

Appellant
(Defendant),

v.                                                                    S-15-0271

AMANDA ANN PEAK,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable Catherine E. Wilking, Judge*

*Representing Appellant:*
    Richard "Zak" Szekely, Casper, Wyoming.

*Representing Appellee:*
    Kathleen B. Dixon of Dixon & Dixon, LLP, Casper, Wyoming.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]    Amanda Ann Peak (Mother) and Casey Charles Peak (Father) were married in 2005.  Mother filed for divorce on June 2, 2015.  The clerk of court entered default after Father failed to timely file an answer to Mother's complaint.  Father filed a motion to set aside the entry of default.  The district court held a hearing on the default, which Father did not attend.  After the hearing, the district court entered a default divorce decree.  Father appealed, and we stayed the appeal pending a determination of whether father received notice of the hearing on default.  The district court found that Father received notice and denied Father's motion to set aside entry of default and default divorce decree.  That decision was not appealed.  We affirm.

## ISSUES

[¶2]    Father raises a host of issues which fall into two general categories: the procedure utilized by the district court, and the substance of the decree of divorce.  Accordingly, we rephrase the issues as follows:

    1. Did the district court violate Father's due process rights when it held the default hearing in Father's absence?

    2. Did the district court abuse its discretion when it divided the parties' property and debts and ordered child support?

## FACTS

[¶3]    Mother and Father were married in 2005.  They had three children, born in 1998, 2006, and 2010.  Mother filed for divorce on June 2, 2015, and Father was served with the complaint at his place of business the following day, June 3, 2015.  Father's answer or response was due twenty days later, June 23, 2015.  W.R.C.P. 12(a).  Father did not file an answer or otherwise respond by that date.  Mother sought entry of default, which was entered on June 24, 2015.  The following day, Mother filed a motion for the entry of a default divorce decree and requested a hearing on her motion.  On June 29, 2015, the district court scheduled a hearing on Mother's motion for entry of the default divorce decree for September 17, 2015, and Father received notice of that hearing.  On July 15, 2015, counsel for Father filed an answer and counterclaim, along with a motion to set aside the entry of default.  Mother filed an objection to Father's motion to set aside the entry of default on August 4, 2015.

[¶4]    The district court held the scheduled default hearing on September 17, 2015.  Neither Father nor his counsel attended.  At the hearing, the court allowed Mother to present evidence, and issued an oral ruling.  It then entered a written divorce decree on September 29, 2015.

1

[¶5]    Mother was awarded primary physical and legal custody of the three children. The decree provides that the oldest child may visit Father at his discretion.  Father is allowed visitation of the younger two children, subject to certain requirements.  Father was also ordered to pay child support in the amount of $1,320.91 per month until all of the children reach the age of eighteen and no longer attend high school.  Father was required to pay back child support in the amount of $2,400.  In addition, Mother was awarded the marital home; Father was required to pay mortgage payments on the home for one year and reimburse Mother for two months' mortgage payments.  Father was awarded the interest in his business, including all of its assets and liabilities, along with numerous vehicles, an RV camper, four-wheelers, and other property.

[¶6]    On October 9, 2015, Father filed a motion to set aside the entry of default and the default divorce decree.  On October 22, 2015, Father filed a request for a hearing on his motion, and on October 26, 2015, Father filed an affidavit in support of his motion, asserting that he did not receive service of the setting of the default hearing.  Mother filed an objection to Father's motion to set aside the entry of default and the default divorce decree on October 28, 2015.  The district court had not ruled on Father's motion at the time Father timely filed his notice of appeal to this Court on October 28, 2015.  This Court stayed the appeal pending the district court's ruling on Father's motion to set aside the entry of default and default judgment.  The district court entered its Order Denying Defendant's Motion to Set Aside Entry of Default and Default Decree of Divorce on August 29, 2016.  Father did not appeal this ruling.[1]  We lifted the stay in this matter on October 3, 2016.

## DISCUSSION

### I.    Did the district court violate Father's due process rights when it held the default hearing in Father's absence?

[¶7]    Father claims that the district court violated his right to due process when it held the hearing on the default without giving him proper notice of the hearing.  "Whether a trial court violated a litigant's right to due process presents a question of law that we review *de novo*."  *Rosty v. Skaj*, 2012 WY 28, ¶ 16, 272 P.3d 947, 953 (Wyo. 2012).

> The party claiming an infringement of his right to due process has the burden of demonstrating both that he has a protected interest and that such interest has been affected in an

---

[1] Pursuant to W.R.A.P. 2.01, Father had 30 days, until September 29, 2016, to file a notice of appeal.  No notice of appeal had been filed by that time. Because Father did not appeal the Order Denying Defendant's Motion to Set Aside Entry of Default and Default Decree of Divorce, we will not discuss the issue of notice presented in that motion.

> impermissible way. The question is whether there has been a
> denial of fundamental fairness.

*Brush v. Davis*, 2013 WY 161, ¶ 16, 315 P.3d 648, 653 (Wyo. 2013) (citations omitted). "Due process contemplates the opportunity to be heard at a meaningful time in a meaningful manner." *Jones v. Jones*, 903 P.2d 545, 548 (Wyo. 1995) (citation omitted).

[¶8]    The procedure for entry of default and default judgment provides the context for Father's argument. Entry of default is a "clerical act which may be performed by the clerk of court, and it does not constitute a judgment." *Spitzer v. Spitzer*, 777 P.2d 587, 592 (Wyo. 1989). Once default has been entered, the party in default is precluded from making any defense or assertion with respect to liability or an asserted claim. *Id*.; *Clay v. Mountain Valley Mineral Ltd. P'ship*, 2015 WY 84, ¶ 19, 351 P.3d 961, 967 (Wyo. 2015). "Although the entry of default generally establishes the fact of liability according to the complaint, it does not establish either the amount or degree of relief." *McGarvin-Moberly Constr. Co. v. Welden*, 897 P.2d 1310, 1314 (Wyo. 1995) (quoting *Vanasse v. Ramsay*, 847 P.2d 993, 997 (Wyo. 1993)). Entry of default "does not relieve the non-defaulting party of its obligation to produce an evidentiary basis for the desired relief, nor does it relieve the district court of its obligation to base its findings of fact upon such evidence." *Noonan v. Noonan*, 2005 WY 145, ¶ 7, 122 P.3d 964, 966 (Wyo. 2005).

[¶9]    A default judgment, by contrast, establishes the fact of liability of the defaulting party and defines the amount of liability or the nature of the relief that will be granted to the non-defaulting party. *McGarvin-Moberly*, 897 P.2d at 1314; *Spitzer*, 777 P.2d at 592. "Where the damages or relief claimed are unliquidated or not specified with certainty in the complaint, further proceedings are indicated." *Spitzer*, 777 P.2d at 592-93; *see also* W.R.C.P. 55(b)(2). Thus, in a default divorce proceeding such as this, the district court must obtain an evidentiary basis for its findings regarding property distribution, child custody and visitation, and child support. *Noonan*, 2005 WY 145, ¶ 12, 122 P.3d at 967; *Spitzer*, 777 P.2d at 593; Wyo. Stat. Ann. § 20-2-114 (LexisNexis 2015) (requiring just and equitable property division); Wyo. Stat. Ann. § 20-2-201 (LexisNexis 2015) (establishing factors to be considered by court awarding child custody and visitation); and Wyo. Stat. Ann. §§ 20-2-301 to 20-2-316 (LexisNexis 2015) (setting forth parameters for calculation of child support). This will require a hearing in most instances. *See Spitzer*, 777 P.2d at 594. Here, the district court held that hearing on September 17, 2015, and Father was absent.

[¶10] The district court determined that Father received notice of the default divorce hearing. Because he had notice, his absence from the hearing does not mean that his due process rights have been violated. In *Jones*, we addressed a similar situation. There, the appellant argued that his due process rights were violated when the trial court refused to continue his divorce trial and he subsequently failed to appear at the trial. *Id*., 903 P.2d at 547-48. We held that "[d]ue process merely affords the *opportunity* to be heard and,

3

thus, ***a party can waive his due process right to be heard by voluntarily absenting himself from the proceedings.*** *Id*. at 548 (emphasis in original; citations omitted). We concluded that the appellant had waived his right to be heard by voluntarily absenting himself from the hearing. *Id*. Here, because Father received notice of the hearing, he received all the process he was due. He was presented with a meaningful opportunity to be heard; his failure to appear amounts to a waiver of the right to be heard.

[¶11] Father also claims that the district court abused its discretion by entering the default divorce decree when he failed to appear at the hearing on the default instead of imposing "other sanctions." Father fails to provide any cogent argument or citations to relevant rules or caselaw supporting his position. We consistently have refused to consider arguments not supported by cogent argument and citation to legal authority. *In re General Adjudication of All Rights to Use Water in Big Horn River System*, 2015 WY 104, ¶ 24, 355 P.3d 1222, 1228 (Wyo. 2015); *Armstrong v. Wyo. Dep't of Envtl. Quality*, 2013 WY 53, ¶ 9, 300 P.3d 850, 851 (Wyo. 2013); *Forbis v. Forbis*, 2009 WY 41, ¶ 10, 203 P.3d 421, 424 (Wyo. 2009). We note that the Wyoming Rules of Civil Procedure do not enumerate alternative sanctions for a party's failure to appear at a default hearing. Because Father provides us with no authority allowing for or requiring "other sanctions" when a party fails to appear at a default hearing, his argument is unavailing.

## II.    *Did the district court abuse its discretion when it divided the parties' property and debts and ordered child support?*

[¶12] Father makes a number of arguments regarding the district court's default divorce decree, each of which is addressed below.

## A.    **Did the district court abuse its discretion when it ordered Father to pay one year of mortgage payments?**

[¶13] The district court awarded the marital residence to Mother and required her to refinance the property in her name within one year of the date of the divorce decree. The court then ordered as follows: "However, Defendant-Father will be responsible for twelve additional timely mortgage payments, including insurance and tax amounts, from October 1, 2015 through September 30, 2016. Plaintiff-Mother will assume the mortgage payments 12 months after the Court's entry of this Decree." Father contends that this award constituted an abuse of discretion because it exceeded the relief sought in the complaint and the requests made by Mother at the hearing.

[¶14] W.R.C.P. 54(c) provides that:

> ***A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment.*** Except as to a party against whom a judgment is

4

> entered by default, every final judgment shall grant the relief
> to which the party in whose favor it is rendered is entitled,
> even if the party has not demanded such relief in the party's
> pleadings.

(Emphasis added.) "[T]he theory of the rule is to permit the defendant to determine from the original pleading whether he wants to expend the money and trouble to defend it," and it would be "unfair to have the complaint lead [the] defendant to believe that only a certain type of relief was being sought and then . . . give a different type of relief." *Zweifel v. State ex rel. Brimmer*, 517 P.2d 493, 502 (Wyo. 1974).

[¶15]  We find that the relief granted by the district court did not exceed that requested by Mother in her pleadings.  In her complaint, Mother requested:

> 8.  The property acquired by the parties during their
> marriage should be equitably divided between the parties.
>
> . . . .
>
> 10. The debts incurred by the parties during their marriage
> should be equitably divided between the parties.
>
> . . . .
>
> WHEREFORE, Plaintiff prays that:
>
> . . . .
>
> B.  The property and debts of the parties should be divided as
> set forth above.
>
> . . . .
>
> G.  Such other and further relief as the Court deems just and
> proper in the premises.

The complaint seeks an unspecified division of property and debts.  It is reasonable to conclude, therefore, that it provided notice to Father that the mortgage and taxes on their home would be at issue.  "There are few rules more firmly established in our jurisprudence than the proposition that disposition of marital property . . . [is] committed to the sound discretion of the district court." *Kamm v. Kamm*, 2016 WY 8, ¶ 3, 365 P.3d 779, 780 (Wyo. 2016) (citations omitted).  We cannot on this record conclude that the

relief granted by the district court in the default divorce decree exceeded the relief requested by Mother in contravention of W.R.C.P. 54(c) or was an abuse of discretion.

**B.  Did the district court abuse its discretion in its division of marital assets and liabilities?**

[¶16]  Next, Father makes the following argument: "Clearly with Appellant paying for the entire mortgage for over one year, $1,320.91 per month in child support, the costs of Appellee's vehicle for one year and awarding all the equity in the marital residence to Appellee, and [sic] equitable split has not occurred."

> We apply an abuse of discretion standard to our review of division of marital property.  *Carlton v. Carlton*, 997 P.2d 1028, 1032 (Wyo. 2000).
>
> > We afford the trial court considerable discretion to form a distributive scheme appropriate to the peculiar circumstances of each individual case, and we will not disturb such a scheme absent a showing that the trial court clearly abused its discretion.  The division of property in a divorce case should not be disturbed except on clear grounds as the trial court is usually in a better position than the appellate court to judge the parties' respective merits and needs.  *Metz v. Metz*, 2003 WY 3, ¶ 6, 61 P.3d 383, ¶ 6 (Wyo. 2003). . . .
>
> *Hoffman v. Hoffman*, 2004 WY 68, ¶ 9, 91 P.3d 922, 925 (Wyo. 2004).

*Williams v. Williams*, 2016 WY 21, ¶ 34, 368 P.3d 539, 550 (Wyo. 2016).  "An abuse of discretion occurs when the property disposition shocks the conscience of this court and appears to be so unfair and inequitable that reasonable people cannot abide it. . . ." *Kummerfeld v. Kummerfeld*, 2013 WY 112, ¶ 7, 309 P.3d 822, 824 (Wyo. 2013) (citations omitted).  Wyo. Stat. Ann. § 20-2-114 requires the court to

> make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children.

[¶17]   Father's argument ignores aspects of the divorce decree that distribute property in his favor and reveal that an equitable split of the assets and liabilities has been made.  As we have long held, "[a] just and equitable division of property is just as likely not to be equal."  *Kummerfeld*, 2013 WY 112, ¶ 10, 309 P.3d at 825; *see also Carlton v. Carlton*, 997 P.2d 1028, 1032 (Wyo. 2000).

[¶18]   With regard to the property, the district court ordered as follows: Mother should receive all the property in her possession, the marital residence (with Father paying the mortgage through September 30, 2016), her personal property, life insurance, investments and retirement accounts in her name, the 2011 GMC Acadia (with Father paying the car payments through September 30, 2016), and the family pets.  Father was awarded the 2008 Honda Ridgeline; the 1970 Cadillac; the RV camper; three four-wheelers; the older truck; all of the interest and equity in his business, Formula One of Casper[2]; life insurance; investments and retirement accounts in his name; individual and business bank accounts in his name and in the name of Formula One of Casper; all guns; all of his tools; and all of his personal belongings.

[¶19]   Father was ordered to pay the accumulated credit card debt; debts in his name only; debts of his business, Formula One of Casper; taxes for the years 2014 and 2015; half of the health care debt associated with the children; his own medical debt; two previously unpaid mortgage payments; and storage locker fees.  Mother was ordered to provide medical insurance for the children and to split equally medical costs that are not covered by that insurance.  In addition, Mother was required to refinance the marital residence and begin making payments on the new mortgage beginning in October of 2016.  The decree also provides that the parties will share tax deductions for their minor children.  We find nothing in the record indicating that this division of property and debt "shocks the conscience of this court and appears to be so unfair and inequitable that reasonable people cannot abide it."  *Kummerfeld*, 2013 WY 112, ¶ 7, 309 P.3d at 824 (citations omitted).

## C.   Did the district court abuse its discretion when, in the absence of a financial affidavit, it considered other evidence of Father's wages?

[¶20]   Father also claims that the district court abused its discretion because it determined child support in the absence of Father's financial affidavit, which is required by Wyo. Stat. Ann. § 20-2-308(a).  Like the disposition of marital property, the calculation of income for child support purposes is committed to the sound discretion of the district court. *Shelhamer v. Shelhamer*, 2006 WY 83, ¶ 15, 138 P.3d 665, 672 (Wyo. 2006).

---

[2] While the record contains no valuation of Formula One of Casper, the business was a significant asset of the marriage.  In 2013, Formula One of Casper had $106,062.41 in total assets, not including its good will, and generated an income of $5,633.33 per month for Father.

[¶21] Wyo. Stat. Ann. § 20-2-308 states, in pertinent part:

> (a) No order establishing or modifying a child support obligation shall be entered unless financial affidavits on a form approved by the Wyoming supreme court which fully discloses the financial status of the parties have been filed, ***or the court has held a hearing and testimony has been received.***

(Emphasis added.) The language of the statute itself provides that when a hearing is held, a financial affidavit is not necessarily required. We have held that in a default situation

> [w]hile . . . it may be difficult or even impossible to obtain the financial affidavit of the defaulted party, the obligation remains for the non-defaulting party to file such affidavit, and the obligation remains for the district court to obtain sufficient financial evidence of both parties' income to make factual determinations, and to comply with the presumptive child support guidelines found in Wyo. Stat. Ann. § 20-2-304 (LexisNexis 2005), or to determine whether to deviate from those guidelines, as allowed by Wyo. Stat. Ann. § 20-2-307 (LexisNexis 2005).

*Noonan*, 2005 WY 145, ¶ 8, 122 P.3d at 966.

[¶22] In *Noonan*, we held that where the district court had entered a default divorce decree without receiving financial affidavits or any evidence of the finances of the parties other than the husband's short affidavit estimating the parties' income, and had not held a hearing regarding the equitable division of the parties' property, custody, or child support, there was no evidentiary basis for the district court's findings. *Id.*, ¶ 11, 122 P.3d at 966-67.

[¶23] By contrast, in this instance, there was sufficient evidence before the district court to determine assets, income, an equitable distribution of the parties' property and debt, and to calculate the appropriate child support pursuant to Wyo. Stat. Ann. § 20-2-304. Mother filed her financial affidavit on June 25, 2015. Although Father failed to file a financial affidavit as required by § 20-2-308(a), the court had evidence of Father's finances, including: Father's pay stubs from his employment with his business, Formula One of Casper; Formula One of Casper's 2013 financial statements, including its profit and loss statement, balance sheet, and income tax summary; Formula One of Casper's 2013 Federal Income Tax return; and Mother and Father's joint 2013 Federal Income Tax return. The district court properly held a hearing where it received sufficient evidence of the financial status of the parties, allowing it to determine the appropriate property

8

distribution and child support. If Father had filed a financial affidavit, as required by the statutes, the district court's job might have been easier; nevertheless, it had sufficient information regarding the parties' financial situations and it complied with § 20-2-308 when it held the hearing and received evidence and testimony regarding Mother and Father's finances. The district court did not abuse its discretion when it proceeded to enter the default divorce decree based on the evidence that was before it.

[¶24] Father also argues that his failure to submit a financial affidavit as required by § 20-3-308(a) amounted to a violation of his due process rights. Father provides no support for this contention. Again, we will not consider arguments not supported by cogent argument and citation to legal authority. Moreover, a party cannot disregard statutory requirements and then be heard to complain that his own contravention of the statute deprived him of due process. *See, e.g., Stocki v. Nunn*, 2015 WY 75, ¶ 61, 351 P.3d 911, 929 (Wyo. 2015) (damages resulting from a failure to take reasonable steps to avoid them cannot be recovered).

**D. Did the district court abuse its discretion when it awarded child support using a calculation based upon three children without first establishing the paternity of the parties' first child, who was born prior to their marriage?**

[¶25] Father claims that the district court abused its discretion when it awarded child support to Mother for three children without a finding of paternity regarding their first child, who was born nine years prior to the marriage. In her complaint seeking divorce, Mother alleged:

> 5. The parties have three (3) children born as issue of this marriage:
>
> A. B.E.P. DOB (xx/xx/1998);
> B. A.Z.P. DOB (xx/xx/2006); and
> C. C.C.E.P. DOB (xx/xx/2010)

We do not reach the substance of Father's argument because the "allegations in a complaint are admitted when a default is entered." *Lee v. Sage Creek Ref. Co.*, 947 P.2d 791, 794 (Wyo. 1997) (citing *Zweifel*, 517 P.2d at 499; *Miller v. Tony & Susan Alamo Found.*, 748 F.Supp. 695, 697 (W.D. Ark. 1990)). "Upon entry of a default judgment, facts alleged to establish liability are binding upon the defaulting party. . . ." *Id.*, 947 P.2d at 794 (quoting *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *see also Multiple Resort Ownership Plan, Inc. v. Design-Build-Manage, Inc.*, 2002 WY 67, ¶ 9, 45 P.3d 647, 651 (Wyo. 2002).

[¶26] We have held that once default has been entered and default judgment granted, the defaulting party cannot contest the facts alleged in the complaint on appeal:

> If [the party in default] later wishes to draw in issue the facts thus confessed, he must move in the trial court to set aside the judgment; he cannot draw in issue the facts by appealing directly from the default judgment, because on the record they stand confessed.
>
> *Spitzer v. Spitzer*, 777 P.2d 587, 589-90 (Wyo. 1989), quoting 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 203.06 at 3-27 to 3-28 (2d ed. 1989) (emphasis omitted). *See also* 46 Am. Jur. 2d *Judgments* § 305 ("A default has been held to operate as an admission of the truth of all the material allegations set forth in the complaint or declaration. A default has also been held to operate as an admission of the cause of action, so as to be tantamount to an admission that the plaintiff is entitled to judgment.") (footnotes omitted).

*Clay*, 2015 WY 84, ¶ 19, 351 P.3d at 967.

[¶27]   In *Clay*, a number of the defendants failed to appear or answer the allegations in a complaint to quiet title that had been filed years earlier, in 1976. 2015 WY 84, ¶¶ 10, 19, 351 P.3d at 965, 967. Default judgment was entered in the 1976 action, granting the plaintiffs title to the property in question. *Id*., ¶ 16, 351 P.3d at 967. The question before the court in 2015 was whether the 1976 default judgment precluded the original defendants' claims that they still owned mineral rights to the property. *Id*., ¶ 18, 351 P.3d at 967. We held that because the entry of default operates as an admission of the truth of the allegations in the complaint, and because the default judgment had not been set aside, it continued to be "fully valid." *Id*., ¶ 19, 351 P.3d at 967.

[¶28]   The allegations in Mother's complaint are deemed admitted upon entry of default. This includes the allegation that all three children were born as "issue of this marriage." The default judgment has not been set aside and, as a result, on appeal Father cannot argue that paternity has not been established.

**F.   Did the district court abuse its discretion when it issued the default divorce decree even though the complaint was not verified and Mother failed to disclose information required by statute?**

[¶29]   Father also claims that Mother's complaint was not verified and did not comply with Wyo. Stat. Ann. § 20-5-309. He argues that the district court

> exceeded [its] jurisdiction and authority by not following the requirements of W.S. § 20-2-201 *et seq*., W.S. § 20-2-301,

10

*et seq.*, W.S. § 20-5-309, as well as the Rules of Civil Procedure and the Constitutional Due Process guarantees of both the United States and Wyoming Constitutions, rendering the District Court's Judgment of September 29, 2015 void.

[¶30] Mother's complaint was not verified, nor was it required to be. In most instances, there is no requirement in the Wyoming statutes that a complaint for divorce be verified. *See* Wyo. Stat. Ann. § 20-2-104 (LexisNexis 2015) (party seeking divorce may file complaint on grounds of "irreconcilable differences"), *but see* Wyo. Stat. Ann. § 20-2-105(a) and (b) (LexisNexis 2015) (requiring verification when divorce is sought because one party to the marriage "has become incurably insane").

[¶31] Wyo. Stat. Ann. § 20-5-309(a) (LexisNexis 2015) requires certain information be provided to the court in a child custody proceeding, under oath, either in the party's first pleading or in an attached affidavit. That information includes the present address of the children, along with their addresses for the last five years, and whether the children are involved in any other pending proceedings under the Uniform Child Custody Jurisdiction Act. Wyo. Stat. Ann. § 20-5-309(a). Mother's complaint did not include this required statement. In *Brush*, the father's petition for divorce did not include the statement required under § 20-5-309(a) and the mother argued that this deprived the district court of jurisdiction. *Id.*, 2013 WY 161, ¶ 14, 315 P.3d at 652. We observed that "although the requirement is mandatory, the statute does not indicate it is jurisdictional. To the contrary, § 20-5-309(b) states that the court **may stay** the proceeding until the information is furnished, but it is not required to do so." *Brush*, ¶ 15, 315 P.3d at 653. We concluded that the despite the failure of either party to comply with this provision, the district court maintained jurisdiction over the divorce proceeding. *Id*. Likewise, in this instance, the fact that Mother failed to provide this information does not deprive the district court of jurisdiction or render its decision void.

[¶32] Father presents no explanation of his position regarding the statutory provisions he cites concerning child custody and visitation, child support and the Wyoming Rules of Civil Procedure, and we will therefore not consider his argument. We have addressed the arguments made by Father regarding due process, the entry of default, and his argument regarding the requirement that paternity be established for child support to be calculated regarding all three of his children elsewhere in this opinion. To the extent that he is making additional arguments here, Father has not made his positions clear to this Court. Again, we will not consider arguments not supported by cogent argument and citation to legal authority.

## *CONCLUSION*

[¶33] The district court did not violate Father's due process rights in holding the hearing on default in his absence or in issuing the default divorce decree. The district court did not abuse its discretion in its distribution of the parties' property and debts or in its child support calculations. We affirm.