# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 103

APRIL TERM, A.D. 2020

*August 6, 2020*

ANDREW GOSWICK,

**Appellant**
**(Defendant),**

v.                                                              S-20-0014

NICOLE D. GOSWICK,

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Park County*
*The Honorable Bobbi Dean Overfield, Judge*

*Representing Appellant:*
   Andrew Goswick, Pro se.

*Representing Appellee:*
   No appearance.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]     Andrew Goswick (Husband), pro se, argues the district court abused its discretion when it granted Nicole Goswick (Wife) a divorce after she defaulted on his counterclaim that he was the aggrieved party.  Finding timing inaccuracies in Husband's argument and no abuse of discretion, we affirm.

### ISSUE

[¶2]     Husband raises one issue: whether the district court "err[ed] in granting [Wife's] complaint for divorce when [Wife] was in default as to [Husband's] counterclaim that he was the aggrieved party."

### FACTS

[¶3]     The Goswicks married in January 2005.  They had one child, BJG, in 2016.  They separated in July 2017, and Husband was incarcerated that October after his bond was revoked on an unrelated criminal conviction.  Husband was serving a six-to-eight-year sentence throughout the divorce proceedings.

[¶4]     Wife filed a pro se complaint for divorce in July 2019.  Husband answered the complaint, pro se, and counterclaimed that he was the aggrieved party entitled to divorce.[1] Husband applied for entry of default on his counterclaim in October 2019, after Wife failed to timely answer.  He again asked the clerk of court to enter a default on November 1, after the court had granted his motion to participate, and he participated in the divorce hearing on October 31.  The district court clerk entered default on November 15, 2019, the same day the court entered its decree granting Wife's complaint for divorce.[2]

[¶5]     Husband timely appealed the divorce decree.  Wife did not file a brief.

---

[1] In his counterclaim, Husband agreed with Wife that the marriage faced irreconcilable differences, he was capable of paying child support under the statutory guidelines, the court should equitably divide any marital property, neither Husband or Wife should be awarded spousal support or alimony, and Wife could resume her previous name after entry of a divorce decree.  Notwithstanding his incarceration, Husband requested the court award joint legal and physical custody of BJG to Husband and Wife.

[2] In granting Wife a divorce, and consistent with both parties' requests, the court divided the marital property between them, distributed marital debt equally, awarded child support in accordance with the statutory guidelines, and restored Wife's maiden name.  The court awarded no spousal support or alimony. After considering the statutory best interest factors, Wyo. Stat. Ann. § 20-2-201, the court granted Wife legal and physical custody of BJG, but provided for telephone contact between Husband and BJG while Husband remained incarcerated and for visitation after his release.

1

## STANDARD OF REVIEW

[¶6]   We review the court's divorce decree for an abuse of discretion. *Johnson v. Johnson*, 2020 WY 18, ¶ 10, 458 P.3d 27, 32 (Wyo. 2020).  "A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances." *Id.* (quoting *Jacobson v. Kidd*, 2018 WY 108, ¶ 14, 426 P.3d 813, 820 (Wyo. 2018)).  We evaluate the record in support of the court's decision, "afford[ing] the prevailing party every favorable inference[.]" *Id.* (quoting *Jacobson*, ¶ 14, 426 P.3d at 820).

## DISCUSSION

[¶7]   Husband claims he was the aggrieved party entitled to divorce.  A district court may grant a divorce "on the complaint of the aggrieved party on the grounds of irreconcilable differences in the marital relationship."  Wyo. Stat. Ann. § 20-2-104 (LexisNexis 2019).  While both spouses may seek divorce as the "aggrieved party," the court "must determine to whom the divorce should be granted." *Grosskopf v. Grosskopf*, 677 P.2d 814, 818 (Wyo. 1984).  The court exercises significant discretion when making this determination. *Id.*

[¶8]   Here, the court unequivocally granted Wife a divorce from Husband.  In so doing, the court implicitly found Wife to be the aggrieved party. *See* Wyo. Stat. Ann. § 20-2-104 (allowing the district court to grant divorce to the aggrieved party).  Where neither party requested special findings, the court was not required to state its findings concerning which party was aggrieved, and why, and we find no abuse of discretion in its failure to do so. *See* W.R.C.P. 52(a)(1); *see also Kimzey v. Kimzey*, 2020 WY 52, ¶ 38, 461 P.3d 1229, 1241 (Wyo. 2020).

[¶9]   The court held a hearing to provide each party an opportunity to present argument and evidence.  The record indicates Husband participated in the hearing, but either the hearing was not transcribed or Husband failed his burden by not designating the hearing transcript as part of the record on appeal. *See Combs v. Sherry-Combs*, 865 P.2d 50, 55 (Wyo. 1993) (noting Mr. Combs failed "his burden to bring a sufficient record to this [C]ourt upon which a decision can be based" by not designating in the record the trial transcript upon which he based his appellate arguments).  In any event, Husband has failed to identify any record evidence to support his argument the court should have found him to be the aggrieved party.

[¶10]  Instead, as noted above, Husband's counterclaim for divorce largely aligned with the factual allegations and relief requested in Wife's complaint. *See supra* nn. 1–2.  Husband does not dispute he was continuously incarcerated between October 2017 and the date of the divorce decree; nor does he appeal the court's property, custody, or visitation rulings.  Viewing the record in the light most favorable to Wife, we conclude the court did

not abuse its discretion in determining she was the aggrieved party entitled to divorce under § 20-2-104. *Johnson*, ¶ 10, 458 P.3d at 32.

[¶11]   It appears the crux of Husband's appeal is procedural in nature—he argues that the court erred by granting Wife a divorce after she defaulted on his counterclaim that he was the aggrieved party.  The most obvious flaw in this argument is that the order of events was not as husband suggests.  The court signed and dated the divorce decree on November 13, 2019, two days before both the default and the divorce decree were entered.  The record does not disclose why the clerk did not enter default following Husband's first request on October 10, or why it took fourteen days for the clerk to enter default following his second request filed the day after the divorce hearing.  Nevertheless, as Husband acknowledges, entry of default is merely a "clerical act[,]" which "does not constitute a judgment." *Peak v. Peak*, 2016 WY 109, ¶ 8, 383 P.3d 1084, 1088 (Wyo. 2016) (quoting *Spitzer v. Spitzer*, 777 P.2d 587, 592 (Wyo. 1989)).  Husband did not cite, and we found no authority which required the court to postpone the divorce proceedings pending the clerk's entry of default on Husband's counterclaim.  And even if the clerk had entered default against Wife prior to the hearing, Husband, as the non-defaulting party, was required to "apply to the court for a default judgment," W.R.C.P. 55(a)(2), and "produce an evidentiary basis for the desired relief," *Peak*, ¶ 8, 383 P.3d at 1088 (quoting *Noonan v. Noonan*, 2005 WY 145, ¶ 7, 122 P.3d 964, 966 (Wyo. 2005)).  Husband had the opportunity at hearing to provide an evidentiary basis for the court to grant him the divorce, but, as discussed above, the record indicates he failed to do so.  The court did not abuse its discretion by granting Wife the divorce under these circumstances. *Johnson*, ¶ 10, 458 P.3d at 32.

[¶12]   Affirmed.